KEAN, Respondent, v. SCHOENING et al., Appellants.

**St. Louis Court of Appeals, December 1, 1903.**

1. **NEGLIGENCE:** Business House: Duty to Keep Premises in Safe Condition. An occupant of a business house, who invites the public to enter and trade with him, is bound to use ordinary care to keep the premises in a reasonably safe condition.

2. ———: ———: ———. The occupant of a business house, who left open a trapdoor in the floor, so that a customer in the rear of the store, who had just walked past it while it was closed and was unaware that it was open, fell into it and was injured, is wanting in ordinary care to keep the premises in a reasonably safe condition, and is liable for the injuries so incurred.

3. ———: ———: Instruction. Instructions in an action for injuries caused by unsafe premises are set out at length and *held* to properly declare the law in the case.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*Rassieur & Rassieur* for appellants.

(1) The owner of premises is only required to exercise ordinary care to prevent injury to one entering the premises upon his invitation. He is not liable if injury happens, even though he exercised ordinary care. O'Donnell v. Patton, 117 Mo. 12; Eisenberg v. Railroad, 33 Mo. App. 85; Welch v. McAllister, 15 Mo. App. 492. (2) An instruction which permits a recovery upon plaintiff's theory, without regard to the plea and proof of contributory negligence on plaintiff's part, is erroneous. Holladay Co. v. Moss Tie Co., 87 Mo. App. 167; Link v. Westerman, 80 Mo. App. 592.

*John J. O'Connor* for respondent.

(1) The occupier of a business house, into which the public are invited by the occupant to trade with him for their mutual benefit, is bound to keep the premises in a reasonably safe condition. Welch v. McAlester, 15 Mo. App. 492; O'Donnell v. Patton, 117 Mo. 13; Carraway v. Long, 7 Mo. App. 595. (2) The instructions given, when all read together, properly, fully and fairly expressed the law of the case, and that is all that is required of instructions. Ridenhour v. Railroad, 102 Mo. 270; Fischer v. Edward Heitzberg Packing & P. Co., 77 Mo. App. 108.

### STATEMENT.

The instructions in this case were as follows:
For plaintiff:
"1.   The court instructs the jury that one who occupies a business house, and sells therein merchandise, and into which he invites the public or the plaintiff to trade with him for their mutual benefit, is bound to keep the premises in a reasonably safe condition. And if the jury finds from the evidence in this cause that on or about the 14th day of November, 1901, the plaintiff entered the defendant's hardware store in question for the purpose of purchasing a coffee pot and that on entering said store, she was met by one of the defendants and that said defendant conducted or directed her to the rear end of said store to look at some coffee pots which defendants were offering for sale and that while she was looking at or examining said coffee pots she stepped backwards and fell into a large hole in the floor of said store, which said hole was caused through leaving a trapdoor covering a stairway leading to the cellar under said store, open and received the injuries to her person complained of; and that plaintiff had no knowledge of the existence of said hole or open stairway until she fell

into the same; and that there was no guard or other signal at or near said hole sufficient to give her warning of the existence of said hole or open stairway; and that said hole was dangerous to persons trading in or walking through said store; and that said trapdoor was left open by one of the defendants or their servants at work in or about said store, or if not so left open, then that either of defendants knew or by the exercise of ordinary care could have known that said door was open prior to her fall but negligently failed to either close said door or give her warning that it was open; and that at the time of falling plaintiff was using ordinary care and prudence for her own safety, then their verdict must be for the plaintiff.

"2. The court instructs the jury that the words 'ordinary care' as used in these instructions, mean that degree of care which would be used by a person of ordinary prudence under like or similar circumstances as those in connection with which the words 'ordinary care' are used in these instructions, and the absence of such care is what is meant by the word 'negligence' as used in these instructions.

"3. The court instructs the jury that if they find a verdict for the plaintiff they shall assess her damage at such sum as they find from the evidence to be a reasonable compensation to her for any pain of body or anguish of mind they find from the evidence she has suffered through her said injuries and as will repay her for the loss of any earnings they find from the evidence she has sustained through her said injuries and as will reimburse her for any money she has paid or obligated herself to pay for medicine or medical aid, provided, however, that they find from the evidence that the medicine and medical aid so charged for were actually necessary and did enter into the treatment of her said injuries and are reasonable in amount and price. And if the jury should further find from the evidence that she will necessarily suffer pain in the future through

her said injuries, then they should allow her such further sum as they find from the evidence to be a reasonable compensation to her for any pain they find she will necessarily suffer in the future through her said injuries, but the whole sum of her damages must not exceed $4,500.

"4.   You are instructed that the jury are the sole judges of the credibility of the several witnesses that have appeared before you, and of the weight or importance to be given to their respective statements or testimony; and if you believe from all that you have seen and heard at the trial, that any witness has· willfully sworn falsely as to any of the facts mentioned in the instructions herein, as bearing on the plaintiff's alleged claim or defendants' alleged defenses thereto, then you are at liberty to disregard entirely the testimony of said witness."

For defendants:

"1.   And if you find that the plaintiff knew that said door had been opened by the defendants, and that she thereafter stepped or fell into the opening, because she failed to look about her to see whether the door was still left open, then the plaintiff can not recover, and you must return a verdict in favor of the defendants.

"2.   If the jury believes from the evidence that the plaintiff knew, or by the exercise of ordinary care on her part she would have discovered that the cellar door in question was left open, then the plaintiff can not recover, even though you may believe that she was injured by falling into the opening.

"3.   The court instructs the jury that unless they find from the evidence that it was an act of negligence on the part of the defendants to leave open the cellar door in question, at the time and under the circumstances shown by the evidence, and that the plaintiff did not know, and by the exercise of ordinary care on her part, would not have discovered that said door was left open, there can be no recovery in favor of the plaintiff,

and you must return a verdict in favor of the defendants.''

There was a verdict and judgment for plaintiff, and defendants filed their motion for new trial, complaining among other things that the court erred in admitting improper and illegal evidence and in giving improper and erroneous instructions at the request of the plaintiff. The court overruled defendants' motion for new trial and defendants thereupon appealed to this court.

GOODE, J. (after stating the facts as above).—At the time of the injuries complained of defendants conducted a hardware store at No. 305 North Twelfth street in the city of St. Louis. The storeroom was about sixty feet long and twenty feet wide. Near the rear a stairway led to a cellar beneath the floor. This stairway was entered through a trapdoor in the floor which was, of course, an opening that a person might fall into if the door was left open. About nine o'clock in the morning of November 14, 1901, the plaintiff, Mrs. Kean, entered the store on business. She inquired for a coffee pot like a sample she saw in a window, and one of the defendants invited her to the rear of the room to look at some pots which were on the shelves. This defendant, William Schoening, preceded the plaintiff to the back of the room and she followed close behind. At that time the cellar door was shut and did not attract plaintiff's attention, she says. She and William Schoening stopped near the trapdoor and he proceeded to name the prices of articles which were on the shelves. Her eyes were directed to those wares, and while she stood in that position Edward Schoening came from the front of the store, raised the cellar door and descended to the cellar, leaving the door open. The result was that the plaintiff took a step or two backward, fell into the hole and was injured. She testified no warning was given that the door was open and that she knew nothing of its being open until

she fell into it.    There was countervailing evidence that · when Edward Schoening raised the cellar door he cried "Look out!" and also evidence tending to show that plaintiff fell into the opening by walking forward in a careless way. .

The jury must have believed the plaintiff's version of the occurrence, as the instructions given to them did not warrant a verdict in her favor unless they did.

One point made by the defendants is that the court erred in telling the jury that an occupant of a business house, who invites the public to enter it to trade with him, is bound to keep the premises in a reasonably safe condition.    That instruction is said to wrongly declare that the occupant of a store must keep it in a reasonably safe condition; whereas he is only bound to use ordinary care to keep it reasonably safe.    This contention is of trifling moment in the present action; because it can not be held that the premises were reasonably safe with the cellar door yawning in the middle of the aisle where customers walked, or that the defendants used ordinary care, or any care, to keep them safe if they left the door open.    The only defense possible was that plaintiff knew, or had good reason to know the door was open and, without using proper care for her own safety, stepped into the hole.    In other words, the only defense is contributory negligence on the part of the plaintiff.    The instruction criticised stated with much particularity the specific facts the jury must find in order to return a verdict for the plaintiff.    When read together the instructions put the issues fully and fairly before the minds of the jury.    The first one given for the plaintiff is further criticised on the score that it authorized a recovery without regard to the plea of contributory negligence on her part.    This criticism is unmerited; for the instruction required the jury to find she fell when she was using ordinary care for her own safety.

The facts before us are identical with those of Welch v. McAllister, 15 Mo. App. 492, wherein the law of such controversies is clearly expounded. The principles declared in that authority were observed by the trial judge in instructing the jury, and this appeal must fail.

Judgment affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.