WEINSTEIN, Respondent, v. TOLEDO, ST. LOUIS & WESTERN RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, January 7, 1908.**

1. **PRACTICE: Weight of Evidence: Jury Question.** In an action against a railroad company for damages to plaintiff caused by a collision of his vehicle with one of defendant's trains at a crossing, where there was evidence to show the defendant was negligent, and where the plaintiff's own testimony tended to show that he was not negligent, but in that respect was contradicted by his own witnesses, the issues should have been submitted to the jury.

2. ———: ———: ———: **Setting Aside Verdict.** Where the evidence is contradictory, the jury must weigh it, but their verdict may be set aside by the trial court if he thinks such verdict is opposed to the weight of the evidence.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Charles A. Schmettau* and *James R. Van Slyke* for appellant; *Clarence Brown* of counsel.

The court erred in sustaining plaintiff's motion to set aside nonsuit, because the evidence charges plaintiff with contributory negligence. (a) This is true no matter if the defendant was guilty of negligence in violating a statute. Green v. Railroad, 90 S. W. 805; Schmidt v. Railroad, 191 Mo. 215. (b) If the plaintiff did not hear this train, it was because he did not listen and the act of not hearing for that reason was as negligent as an act of hearing and not heeding. Markowvitz v. Railroad, 186 Mo. 350; Mackowik v. Railroad, 94 S. W. 256; Weaver v. Railroad, 60 Mo. App. 207; The Torpey Case, 64 Mo. App. 382; Purl v. Railroad, 72 Mo. 172; Zimmerman v. Railroad, 71 Mo. 476; Karl v. Juanita Co., 206 Pa. 633.

*Albert E. Hausman* for respondent.

In this case defendant's instruction in the nature of a demurrer to the evidence was given because the testimony of plaintiff was in conflict with the testimony of plaintiff's witnesses.    Plaintiff contends and respectfully submits that it was error to give defendant's instruction under these circumstances, and hence the trial court was right in setting aside the nonsuit. Meyer Bros. v. McMahon, 80. Mo. App. 23; Dunn v. Dunnaker, 87 Mo. 597; Brown v. Wood, 19 Mo. 475, 30 Mo. App. 510; Price v. Lederee, 33 Mo. App. 436; Grocer Co. v. Frick, 73 Mo. App. 128, 133; McQuillen on Instructions, page 140, sec. 168; Johnson v. Kahn, 97 Mo. App. 631; Hayberg v. Henke, 153 Mo. 75; Ladd v. Williams, 104 Mo. App. 390.

GOODE, J.—This plaintiff was injured in a collision with one of defendant's trains.  · The accident occurred in St. Clair county, Illinois, immediately north of the city of East St. Louis, at about one-thirty o'clock in the afternoon of January 22, 1906.    At the point of the accident the highroad crosses three railroad tracks, which run parallel with each other.    The tracks run north and south and the highway crosses them at an acute angle, running northeast and southwest.    The easternmost of the railroad tracks is that of the St. Louis, Troy and Eastern Railroad.    The middle one is defendant's track and the western one is the Chicago, St. Louis and Peoria Railroad Company's.    These tracks stand on an embankment considerably higher than the surrounding country and defendant's track is the highest of the three.    Plaintiff was driving a closed one-horse spring wagon.    He testified there was a dense fog prevailing and as he approached the first track from the southwest, or south as he said, he stopped when close to the tracks and look-

128 App.—15

ed about to see if a train was approaching but neither saw nor heard a train. After waiting two or three minutes he drove across the first track, the movement of his wagon causing no noise, he said. There was a depression between that track and defendant's and plaintiff swore the distance between the two was about forty feet. He drove on and as his horse was passing defendant's track he saw nothing, but immediately afterwards saw something strike the rear wheels of the wagon, then the horse ran away and that was the last thing he knew. What struck the wagon and injured plaintiff was a train of twenty-two cars belonging to defendant, which was being backed along the track. Plaintiff testified that on a clear day when there was no fog, you could see the tracks for a distance of two thousand feet; that a little house stood at the northeast corner of the track, but it was so foggy he could not see the house, though he was within twenty-five feet of it; that the train which struck him came from the east. He further testified he heard no sound of whistle or bell, nor any noise from the movement of the train. The petition pleads a statute of the State of Illinois, requiring every railroad corporation to keep a bell of at least thirty pounds weight and a steam whistle on each locomotive, and cause the bell to be rung or the whistle blown at a distance of eighty rods from any highway and keep up the ringing or whistling until the highway is reached. [Curtis Anot. Stat. Ill., ch. 114, sec. 74.] Another witness testified to seeing plaintiff drive on the track and that there was a light fog—not very thick. He testified he was twenty-five feet or more from the track when he saw plaintiff. Another witness testified while crossing the tracks he met plaintiff between the middle and the last track; that the witness saw the train coming and hallooed to plaintiff, who was looking out of the wagon. This witness also testified he did not hear anything; that is to

say, the noise of the train. Another witness for plaintiff, who was a switchman in the employ of defendant, testified the day was sleety and it had been snowing a little, but there was no fog; that he saw plaintiff approaching the crossing on the Chicago, Peoria & St. Louis Railroad track, the north one of the three tracks; that he saw plaintiff when the train was within one hundred and fifty or two hundred feet of the crossing, or rather saw his wagon; that plaintiff was going at a slow walk. This witness swore vigorous efforts were made by shouting to warn plaintiff and prevent him from going on the track, but his attention could not be attracted, either by shouts or gestures; that there was no fog, sufficient to interfere with vision. The testimony of plaintiff's witnesses tended to contradict his statement that he stopped to look and listen before venturing on the tracks. At the conclusion of the testimony for plaintiff the court directed a verdict for defendant, stating as a reason the testimony convinced the court that if a verdict were returned in plaintiff's favor it would have to be set aside because two of plaintiff's witnesses contradicted him so directly as to render his story impossible. Subsequently the court set the verdict aside and defendant appealed from that order.

It is manifest that if the plaintiff's testimony was true about the fog, the testimony of his witnesses was false. The tendency of one witness was to corroborate him about the movement of the train not being audible to one on the crossing. A jury must weigh the evidence in the case, but their verdict may be set aside if the court thinks it is opposed to the weight of the evidence. There was proof that neither the bell nor whistle was sounded and this was negligence on the part of defendant.

The judgment is affirmed. All concur.