HERMAN H. BROSIUS, Appellant, v. SUNFLOWER LEAD & ZINC COMPANY, Garnishee, Respondent.

Springfield Court of Appeals, July 7, 1910.

1. EVIDENCE: Witnesses: Impeaching Own Witness: Using Adverse Party as Witness. When a party to a suit makes the adverse party his witness, he still may prove his case by other evidence, though it contradicts such party's testimony. Though a party cannot impeach his own witness by cross-examination or by independent evidence, he may call other witnesses whose testimony is different, even if in so doing he necessarily discredits his first witness. But one who puts a witness on the stand is not allowed to impeach his reputation for truth and veracity nor to prove statements made by him inconsistent with his testimony.

2. ————: ————: Party's Witness Denying Previous Statements. In a proceeding against a garnishee to establish the existence of a debt due the execution debtor from the garnishee, plaintiff introduced evidence of admissions made by the manager of the garnishee corporation admitting the indebtedness. The plaintiff then introduced the same manager as a witness, but on the stand this witness denied and contradicted the evidence of his prior declarations and admissions. *Held,* that the testimony of the witness entirely overcame the probative value of the previous statements.

3. ————: Destroying Probative Value: Demurrer to Evidence. If the evidence on behalf of plaintiff taken alone tends to establish facts sufficient to make out his case, yet, when considered with the whole evidence, it is so completely neutralized, destroyed or rendered inoperative that reasonable persons could come to but one conclusion as to its effect, in such case a demurrer could be properly interposed and should be sustained.

4. ——: ——: **Inconsistent Testimony of Same Witness: Demurrer to Evidence.** If the testimony of a witness contains antagonistic and irreconcilable statements of fact in which one class tends to sustain the allegations of the petition and the other to disprove them, such conflicting testimony should be eliminated from the consideration of the jury. Until a witness can decide for himself what he saw or did not see, a jury is not warranted in making the determination for him. Under such circumstances the court should dispose of a case as' if the witness had not spoken.

5. **GARNISHMENT: Burden of Proof.** The plaintiff in execution in order to recover from a garnishee must prove the indebtedness in the same manner as the execution defendant would be compelled to do had he sued the garnishee.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

Affirmed.

*R. A. Mooneyham, Lee Shepherd* and *H. S. Crane* for appellant.

*A. G. Young* and *H. S. Miller* for respondent.

NIXON, P. J.—This was a proceeding under the garnishment statute. Appellant herein caused an alias execution to be issued from the circuit court of Jasper county on his judgment against F. M. Weber and caused a garnishment summons to be served on the respondent herein, Sunflower Lead and Zinc Company, based on such execution. Respondent filed an answer, and appellant, taking exceptions thereto, filed a denial, which states that on March 10, 1905, appellant recovered a judgment against F. M. Weber in the circuit court of Jasper county in the sum of $348 and costs amounting to twenty one dollars; that said judgment had never been paid, but that the Sunflower Lead and Zinc Company was at the time of the service of the garnishment summons upon it indebted to F. M. Weber in the sum of

one thousand dollars. "Plaintiff further says that the records of Jasper county, Missouri, show that one Wm. A. Nye had a certain lease on the mining land referred to by the answer of the garnishee herein, and that said Wm. A. Nye assigned said lease to one Charles A. Smith, but plaintiff says that the defendant, F. M. Weber, and not said Wm. A. Nye was the real owner of said lease at the time said Wm. A. Nye transferred and assigned the same to Chas. A. Smith, and that said F. M. Weber was at the time and is now and was at all times mentioned herein the real owner of said lease. Plaintiff further states that garnishee, Sunflower Lead and Zinc Company, at the time it obtained the assignment of the above mentioned lease from Chas. A. Smith, knew that the defendant F. M. Weber was the real owner of said lease and at the time aforesaid, said garnishee herein, Sunflower Lead and Zinc Company, well knew that neither said Wm. A. Nye or Chas. A. Smith were the real owners of said lease. Plaintiff further states that at the time aforesaid, Chas. A. Smith was the general manager at Webb City, Mo., of the Sunflower Lead and Zinc Company." And judgment was asked against the garnishee.

The trial court admitted in evidence declarations alleged to have been made by Chas. A. Smith to the plaintiff and others prior to the trial, which declarations tended to show the indebtedness of the garnishee to F. M. Weber, as alleged. The declarations were to the effect that Weber was one of the parties in a certain deal whereby there was leased a piece of mining property, in which there was three thousand dollars to be paid, and as soon as the deal was closed and the papers signed there would be turned over to F. M. Weber one thousand dollars; that at the request of the plaintiff, said Chas. A. Smith, as manager of the garnishee, signed the following statement:

"Webb City, Mo., May 18, 1909.
"Herman H. Brosius:

"We, the Sunflower Lead and Zinc Company, have completed our contract with Mr. F. M. Weber and now owe him $1000 and have this amount belonging to him and are now ready to pay over to Mr. Weber and no one else said sum of $1000.

"CHAS. A. SMITH, Mgr."

This evidence was admitted after strenuous opposition and objections of the garnishee. But the plaintiff, not content to rest on the declarations of Smith, introduced him as a witness. The question at issue in the case was whether the garnishee at the time of the service of the garnishment summons owed F. M. Weber anything or had in its possession or under its control any money or property of Weber. The court at first allowed the introduction of the alleged declarations of Smith as the local representative of the garnishee, but at the close of all the testimony of the plaintiff, on motion of the garnishee, the court struck out all testimony as to such declarations and gave a peremptory instruction that the jury should find for the garnishee. The verdict was accordingly returned and judgment rendered for the garnishee, and the plaintiff in the trial court has appealed.

The evidence of Chas. A. Smith, when sworn in behalf of the garnishee, tended to show that the Sunflower Lead and Zinc Company owned and operated a sublease from Wm. A. Nye on land near Webb City, Mo., and that said Wm. A. Nye held a lease from Gilbert L. Smith as landowner. That the funds garnished in this case arose out of a contract made at Great Bend, Kansas, between the garnishee herein and Wm. A. Nye, such contract being in substance an agreement whereby royalty was to be paid by said garnishee under its lease to Wm. A. Nye, and that it should be decreased from twenty per cent to fifteen per cent, and that the gar-

nishee, in consideration, was to receive an addition to its lease of seven and one-half acres, for which the garnishee was to pay Nye $3000. There was no evidence to show that defendant Weber had any interest whatever in the lease of Wm. A. Nye in the land of Gilbert L. Smith or in the property of this garnishee. That the contract in question was made at Great Bend, Kansas, several months prior to the time of the alleged conversation between the witnesses for the plaintiff and Chas. A. Smith, the agent of the garnishee. Smith further testified for the plaintiff that he had no authority to make and did not make the contract which gave rise to the funds garnished herein and that said contract was made by the board of directors of the garnishee at Great Bend, Kansas, several months prior to the occurrence of the alleged conversation relating to the admissions of Smith. Smith also denied that he had ever made the admissions or that he signed the card in question or written declarations introduced in evidence by the plaintiff. He also testified that the money garnished in this case did not belong to Weber and that Weber had no interest whatever in it so far as he knew, but that the money garnished did belong to Nye. Outside the declarations and the testimony of Smith, there was no other evidence in the case as to the indebtedness of the garnishee.

The correctness of the peremptory instruction given by the court at the close of the evidence is not to be determined from an examination merely of the declarations of Smith made prior to the trial; since the plaintiff subsequently made the declarant his own witness, he became bound by his testimony, although the credibility of his testimony might be considered impeached to some extent by his previous declarations. But in arriving at conclusions, the whole evidence is to be considered together in determining the correctness of the rulings of the trial court.

The law is familiar that when one makes an adverse party his witness he still may prove his case by other evidence, though it contradicts such party's testimony. Though a party cannot impeach his own witness by cross-examination or by independent evidence, he may call other witnesses whose testimony is different, even if in so doing he necessarily discredits his first witness. But one who puts a witness on the stand is not allowed to impeach his reputation for truth and veracity nor to prove statements made by him inconsistent with his testimony. [Joyce v. St. L. T. Co., 111 Mo. App. 565, 86 S. W. 469; Rodan v. St. L. T. Co., 207 Mo. 392, 105 S. W. 1061.]

The evidence of the declarations of Smith regarding the indebtedness of the garnishee to F. M. Weber was entirely effaced by the testimony of Smith as plaintiff's witness. In his testimony he explained that any statements he had made were misunderstood, and he then proceeded as plaintiffs witness to state the facts as they actually existed, which showed that his previous declarations, so far as he admitted making them, were nothing but opinions and conclusions of the declarant and not facts within his knowledge such as to make them competent evidence, and were in truth merely hearsay, and improvidently admitted in evidence. When this showing had been made by the plaintiff, on motion of the respondent, the incompetent evidence as to the declarations was by the court rightly stricken out. When a witness makes declarations in the nature of admissions out of court and the party introducing such declarations thereafter introduces the declarant as a witness, and his testimony shows that his previous declarations were entirely misunderstood, that he never made the declarations, as alleged, and that the facts were not as represented in such declarations, any probative force of the previous statements was entirely neutralized by such evidence. If the evidence on behalf of a plaintiff, taken alone, tends to establish

facts sufficient to make out his case, yet, when considered with the whole evidence, it is so completely neutralized, destroyed or rendered inoperative that reasonable persons could come to but one conclusion as to its effect, in such case, a demurrer could be properly interposed and should be sustained. [Torpey v. Mo. Pac. Ry. Co., 64 Mo. App. 387.] In another class of cases the same rule has been applied. If the testimony of a witness contains antagonistic and irreconcilable statements of fact in which one class tends to sustain the allegations of the petition and the other to disprove them, no one would contend for a moment that the case was for the determination of the jury. Until a witness can determine for himself what he saw or did not see, a jury is not warranted in making a determination for him. Under such circumstances the court should dispose of a case as if the witness had not spoken, as if plaintiff had offered no proof upon that averment of his petition. [Oglesby v. Mo. Pac. Ry. Co., 177 Mo. 296, 76 S. W. 623.]

The defendant, in effect, stands to the garnishee in the relation of creditor to debtor, and the plaintiff in execution, in order to recover, must prove the indebtedness in the same manner as the defendant would be compelled to do had he sued the garnishee. [Karnes v. Pritchard, 36 Mo. 135.] The plaintiff in this case failed to make the proof the law requires.

We find no error in the record, the judgment was for the right party, and is hereby affirmed. All concur.