JOHN H. BECKERMANN, Respondent, v. E. H KORTKAMP JEWELRY COMPANY.

St. Louis Court of Appeals, June 6, 1913.

1. NEGLIGENCE: Duty of Storekeeper: Injury of Customer: Unsafe Premises. It is a storekeeper's duty to keep his premises in a reasonably safe condition for the use of his customers; and hence where a storekeeper maintained an opening in the floor of a passageway intended for the use of customers, which

was covered by a horizontal door level with the floor, and this door was left open and a customer fell through the opening, the question of the storekeeper's negligence was for the jury.

2. ————: ————: ————: ————: Contributory Negligence. In an action against a storekeeper by a customer who fell through a trap door in defendant's place of business, *held* that whether plaintiff was warned that the door was open, so as to make him guilty of contributory negligence in stepping into the opening, was a question for the jury, under the evidence.

3. WITNESSES: Contradiction of Own Witness: Trial Practice. A party is not bound by every statement a witness called by him may make at the trial, and where he calls a witness to prove a particular fact, he may contradict such witness' testimony as to other facts.

4. TRIAL PRACTICE: Demurrer to Evidence. A demurrer to the evidence should not be sustained where there is evidence tending to establish a right of recovery, and where the evidence, viewed most favorably for plaintiff, with every reasonable inference in his favor, makes out a case, or where reasonable minds might differ as to the effect of the evidence, the case is one for the jury.

5. ————: Credibility of Witnesses. The credibility of witnesses and the weight to be given to their testimony are questions for the jury.

6. APPELLATE PRACTICE: Conclusiveness of Verdict. A finding by the jury on conflicting evidence is conclusive on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Watts, Gentry & Lee* and *G. A. Orth* for appellant.

(1) The defendant's demurrer to the evidence offered at the close of plaintiff's case and again at the close of all the evidence in the case, should have been sustained because there was no evidence of any negligence on the part of defendant. It is fundamental that in an action for damages based on negligence a demurrer to the evidence should be sustained when the evidence fails to show any negligence. Chandler

v. Gas Co., 174 Mo. 321; Harper v. Railroad, 187 Mo. 575. (2) The plaintiff himself was guilty of contributory negligence which barred his right of recovery. Ryan v. Kansas City, 232 Mo. 482; Coffey v. Carthage, 186 Mo. 584-585; Wheat v. St. Louis, 179 Mo. 582.

*Albert E. Hausman* for respondent.

(1) The defendant was guilty of negligence in permitting a hatchway. in its store to be opened while plaintiff was in proximity thereto without, in some sure way, warning him of its presence. Welch v. McAllister, 15 Mo. App. 492; Moore v. Korte, 77 Mo. App. 500; Kean v. Schoening, 103 Mo. App. 77. (2) The question of plaintiff's contributory negligence was a matter for the jury to determine. The demurrer to the evidence was therefore properly overruled. Welch v. McAllister, 15 Mo. App. 492; Moore v. Korte, 77 Mo. App. 500; Kean v. Schoening, 103 Mo. App. 77. (3) It was for the jury to determine whether Ralph Jones warned plaintiff, as he says he did, or whether he did not, as plaintiff testified. The jury must pass on the truthfulness of statements made by the witnesses. Weinstein v. Railroad, 128 Mo. App. 224.

ALLEN, J.—This is. an action for personal injuries sustained by plaintiff by reason of falling into a hatchway, or opening, in the floor of the defendant's store in the city of St. Louis. Plaintiff recovered and the defendant prosecutes the appeal.

The defendant, appellant here, operated a retail jewelry store in the city of St. Louis. The store was fitted up with showcases, and the portion of the premises with which we are concerned consisted of a passageway, intended for the use of customers, between a row of showcases near one end of the wall of the building and a semicircular showcase standing out in the room. In this passageway there was a "trap door" in the floor, i. e., there was an opening in the floor

something over two feet square covered by a door opening on hinges. This opening led to the basement below by means of steps. When this door was closed it was level with the floor and formed a part thereof and, like the remainder of the floor, was covered with linoleum.

On the day that plaintiff received his injuries, he entered defendant's store, walked along the passageway in question to a small window where a watchmaker worked, for the purpose of leaving his watch to be repaired. Not finding the watchmaker at the window, he stepped over to the semicircular showcase, and stood there a short time leaning lightly upon the showcase with his arms. The door in question in the floor was closed when he entered the store and passed down this passageway in which he was then standing, and he had passed over it; but the evidence shows that, as he stood at this showcase, an errand boy in the employ of the defendant came through the passageway and opened the door to go down into the basement; that while the boy was descending the steps and about to reach up for the purpose of pulling the door down after him, plaintiff, having concluded not to wait longer for the watchmaker, turned to his right intending to walk through the passageway out of the store; that, upon so turning, his first step precipitated him into the open hole in the floor, into which he fell, catching himself on the sides thereof by throwing out his arms.

Plaintiff testified that he did not observe the door in the floor when he came in and passed over it, and that he did not see the boy open it, nor did he know that the door was there until he fell into the opening. The boy who opened the door, one Ralph Jones, was called as a witness for plaintiff. He testified that when he came to open the door to go down into the basement, the plaintiff was standing near it; that he asked the plaintiff to step to one side so that he could open it; and that in compliance with such request the plaintiff

took a step or two to one side, whereupon the boy raised the door and proceeded to go down the steps to the basement; that the plaintiff said nothing when asked to step aside, but simply did so. On the other hand plaintiff testified positively that the boy said nothing to him before opening the door; that he did not step aside for the purpose of allowing the door to be opened, and that he had no knowledge or intimation whatsoever that there was such a door and opening maintained in the floor until he turned and stepped into it.

The only assignment of error made by appellant pertains to the action of the court in overruling its demurrer to the evidence, offered by it at the close of plaintiff's case and again at the close of all the evidence in the case.

Appellant insists, first, that the evidence showed no negligence whatsoever on its part, and, second, that it showed that plaintiff was guilty of contributory negligence barring his right to recover.

That these contentions are without merit is readily apparent from the brief statement of the salient facts in the case which we have made above; for it is very clear that both the question of defendant's negligence and of plaintiff's contributory negligence were for the jury under the facts in evidence. That it was the defendant's duty to keep reasonably safe the premises upon which it invited its customers is a proposition requiring no discussion. If it maintained an opening in the floor of a passageway intended for the use of customers, covered by a horizontal door level with the floor, it was of course its duty to exercise such care with respect to opening this door as might be commensurate with the danger involved to its patrons who might be or come into this passageway. Whether the defendant exercised the care thus imposed upon it or not was clearly a question for the jury.

In Kean v. Schoening, 103 Mo. App. 77, 77 S. W. 335, a case in which the facts are almost identical with

those of this case, this court through Goode, J. said:

"It cannot be held that the premises were reasonably safe with the cellar door yawning in the middle of the aisle where customers walked, or that the defendants used ordinary care, or any care, to keep them safe if they left the door open. The only defense possible was that plaintiff knew, or had good reason to know, the door was open, and, without using proper care for her own safety, stepped into the hole. In other words, the only defense is contributory negligence on the part of the plaintiff."

Coming to the question then of plaintiff's contributory negligence, it is urged that the testimony offered by plaintiff shows him to have been negligent for the reason that the errand boy, Ralps Jones, who was called by plaintiff as a witness in his behalf, testified that he notified plaintiff of his intention to open the door in the floor, requesting him to step far enough to one side to enable this to be done; and that therefore plaintiff, having been thus warned, was guilty of negligence directly contributing to his own injuries when he shortly thereafter suddenly turned and stepped into the opening. This, however, overlooks the fact that plaintiff testified positively that the boy said nothing to him whatsoever, and that he had no notice or knowledge respecting the existence of the door and the opening which it covered. Plaintiff called the boy as a witness for the purpose of showing that he opened the door after plaintiff had passed over it in walking down the passageway—that it was closed when plaintiff came into the store through the passageway, and that it was opened afterwards when the plaintiff was standing beside the semicircular showcase. It does not follow that the plaintiff is bound by every statement which this witness made at the trial. [See Joyce v. Transit Co., 111 Mo. App. 565, 86 S. W. 469.]

It is a familiar rule of law that a demurrer to the evidence should not be sustained where there is evi-

dence tending to establish a right of recovery. And where the evidence, viewed most favorably for plaintiff, with every reasonably inference in his favor, makes out a case, or when reasonable minds may differ as to the effect of the evidence, the case is one for the jury; the credibility of the witnesses and the weight to be given to their testimony being always matters for the consideration of the jury. [See Hurst v. Mining Co., 160 Mo. App. 53, 141 S. W. 470; Chilton v. Halstead, 149 Mo. App. 144, 130 S. W. 60; Weinstein v. Railroad, 128 Mo. App. 224, 106 S. W. 1125; Knapp v. Hanley, 108 Mo. App. 353, 83 S. W. 1005.]

As was said in Kean v. Schoening, supra, the only possible defense here is that of the plaintiff's contributory negligence. His own testimony, however, puts that question out of the case so far as concerns the demurrer to the evidence. It was of course an issue to be submitted to the jury, and was so submitted by an instruction offered by the defendant; and the finding of the jury thereupon is conclusive upon us.

The action of the trial court in overruling the demurrer to the evidence was eminently proper. No other error is suggested, and as we perceive none in the record the judgment of the circuit court should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.