JOHN CREWS, Respondent, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1885.

1. PRACTICE—MULTIPLICATION OF INSTRUCTIONS.—The court complains of the "repetition of principles already laid down in one instruction, and the multiplication of declarations of law," as being "but the fruitful sources of inconsistency and confusion."

2. —— HARMLESS ERROR IN INSTRUCTIONS.—If the declarations given by the court properly declare the law, and those given for the parties as asked, are not calculated to confuse nor mislead the jury; or if those given the appellant conceded to him more than the law accords, it would be but harmless error, or one of which it would not lie in his mouth to complain. *Morris v. R. R.,* 79 Mo. 368.

3. NEGLIGENCE—RAILROAD—ESCAPE OF FIRE—PRESUMPTION.—There is no legal presumption that a railroad company, while in the ex-

ercise of its lawful right to run its locomotives and trains over its road and to use fire in so doing, will not permit fire to escape from them. And the fact that it uses good machinery, and the most approved appliances to prevent the escape of fire, and has careful and competent men in charge thereof, will not in case fire does escape, of itself rebut the *prima facie* inference of negligence or exempt the company from liability for damages caused thereby. Following *Palmer v. The Mo. Pac. Ry. Co.*, 76 Mo. 217 But when such proof is made by defendant, in connection with other facts to enable the jury to determine whether, on the particular occasion in question, the company's servants were managing the engine carefully and skilfully, then before the jury can find for the plaintiff, he must prove other acts of actual negligence of defendant. *Kenney v. Hann. & St. Jo. R. R. Co.*, 70 Mo. 243.

APPEAL from Holt Circuit Court, HON. H. S. KELLEY, Judge.

*Affirmed.*

Statement of case by the court.

This is an action to recover damages caused by a fire, alleged to have been communicated to plaintiff's premises by sparks from one of defendant's locomotives. The allegations of the petition are substantially as follows : That defendant's servants and agents negligently and carelessly run and managed the locomotive engine along and near plaintiff's premises so that fire escaped therefrom, and was communicated to grass on defendant's right of way, and thence to plaintiff's premises, and destroyed hay, etc., belonging to him of the value of two hundred dollars ; that defendant had negligently, etc., permitted dry and combustible grass to accumulate on and about its road bed, and by reason of the fire escaping as aforesaid this grass was set on fire, and this communicating with the adjacent grass, etc., was communicated to plaintiff's hay. "That by reason of the defendant carelessly and negligently permitting fire to escape from its engine and by carelessly and negligently permitting dry grass and combustible matter to accumulate on its right of way and along the sides of its said railroad at and where said fire so escaped on and to plaintiff's

premises, and then and there burned plaintiff's hay, he is damaged two hundred dollars, for which judgment is prayed."

The answer was a general denial.

At the trial there was evidence tending to show that there was dry grass on and about the railroad track, and that defendant's locomotive passed the point at which the fire broke out shortly before the fire was observed, and that live sparks were seen escaping from the engine, and the fire caught at two or more different places. There was no other evidence of carelessness or negligence proven against the servants of defendant, nor as to the character of the locomotive, than is deducible from the facts aforesaid. Defendant's evidence tended to show that the smokestack and spark-arrester on this engine were in good condition and of the most approved quality in use by skilled and competent railroad men, and were in good order at the time. There was also proof as to the quantity of hay destroyed and its value.

The only instruction asked by the plaintiff was predicated on the negligence of defendant in permitting dry grass to accumulate on its road bed, whereby the fire was communicated, etc. The court of its own motion gave the following instructions :.

"1. This is a suit to recover damages for the value of certain hay alleged to have been destroyed by fire, by and through the negligence of the defendant. The negligence complained of in the petition is (1) hat the defendant's agents and servants so carelessly and negligently ran and operated its locomotive engine that fire ecaped from the engine and set fire to the dry grass and other combustible matter on defendants premises near its railroad, near plaintiff's premises in Holt county, and (2) hat defendant carelessly and negligently permitted to accumulate on its right of way and on the side of its railroad track, on and where the fire escaped from the engine as alleged, dry grass and other combustible matter which the fire escaping from the engine set on

fire, and thence the fire was communicated to and destroyed plaintiff's hay."

"2. As to the first ground of negligence mentioned in the first instruction, the court instructs the jury that if they believe from the evidence that while defendant's railroad company was running a train of cars over its railroad fire escaped from its locomotive engine and set fire to dry grass upon the right of way, and the fire was thence carried by the wind to the plaintiff's premises, and burned up and destroyed any quantity of hay of plaintiff, the fact that the fire was set out by the engine is presumptive evidence that it was the result of negligence of the defendant's servants operating the engine and the verdict should be for the plaintiff, unless the jury believe from the evidence that defendant's engine was supplied with the most improved spark-arrester in general use and the engine was carefully managed by careful and skilful hands, in which case the presumption of negligence in operating the engine would be fully rebutted, and the verdict should be for the defendant on the question of negligence in setting out fire by operating the engine."

"3. As to the second ground of negligence mentioned in the first instruction by the court, the jury are instructed that if they believe from the evidence that the defendant permitted dry grass and other combustible matter to accumulate and remain along the railroad on the side of the track, where the fire in question was set out, in such quantity and quality that it would at that season or time of the year be easily and readily set on fire by the sparks escaping from passing engines, or be likely to be set on fire by such sparks, and that such dry grass and combustible matter was contiguous to or so near to other dry grass and vegetable matter that it would, if set on fire, be likely to communicate the fire to such contiguous matter, the permitting such dry grass and other combustible matter to accumulate and remain on its right of way under such circumstances would be

negligence on the part of defendant, and if the fire escaping from the passing engine at the time and place stated in the petition set on fire the said accumulated dry grass and combustible matter on defendant's right of way and the fire was thence carried by the wind to and destroyed the plaintiff's hay, the jury should find for plaintiff and assess his damages at the value of the hay, at the time and place the hay was destroyed."

"4. If the jury believe from the evidence that there was at the time and place where the alleged fire occurred any unusual or considerable amount of dry grass or combustible matter on defendant's right of way and the probabilities, of fire escaping from an engine igniting and setting such grass and combustible matter, when under ordinary circumstances, remote or not within the range of reasonable probabilities, but among the possibilities, under such circumstances defendant would not be guilty of negligence, and as to the second ground of negligence alleged, the verdict should be for the defendant."

"10. The plaintiff in this action sues to recover on the ground that the servants of the defendant were guilty of negligence in consequence of which a fire was set out which burned his property. Such negligence is a fact to be proved by evidence like any other fact, and before plaintiff can recover in this action he must show by his evidence to the satisfaction of the jury that defendant, its agents and servants were guilty of negligence in setting out the fire which consumed his property, or in permitting dry grass or other combustible matter to accumulate on the right of way in the manner and to the effect mentioned in the other instructions. In order to sustain the charge that the defendant carelessly and negligently permitted dry grass and other combustible matter to accumulate on its premises, it is not sufficient for the plaintiff to show that short grass, which had been eaten down close by stock, was permitted to remain thereon, but plaintiff must show by his evidence that there was an accumulation of such combustible matter;

that such combustible matter could have been burned off, and that it was negligence in the defendant, in the exercise of ordinary and reasonable care, not to burn the same at or before the time when the said fire was set out, which caused the injury complained of."

"11. The law does not require the defendant to use locomotives which cannot and do not escape fire while in use; but does require that it should use such locomotives and equipments thereof as by actual experience of prudent, skilful, competent railroad men have been found least likely to set fire while in actual use in drawing trains, and to keep the same in good repair, and if the jury find from the evidence that defendant's locomotive, number eleven, was on date mentioned of approved pattern, and in good repair, and run with the ordinary care of a prudent, competent engineer under like circumstances, the jury will find for defendant as to any question of negligence in the alleged escape of fire, notwithstanding they may believe said fire was kindled by sparks from said engine."

The court, at the instance of defendant, gave the following instructions :

"7. There is no evidence that defendant's locomotive engine mentioned in proof was defective in any particular."

"8. The court instructs the jury that there is no evidence that the defendant's servants or agents on the day mentioned in proof negligently or carelessly ran or managed defendant's locomotive engine mentioned in proof."

"9. The court instructs the jury that there is no evidence that fire escaped from defendant's locomotive negine in proof on the day and at the place as complained of by the plaintiff by reason of any negligence or carelessness of defendant's agents or servants."

"12. The only charge of negligence in the petition is as to the running and management of a locomotive in passing over the track and near Craig, and as to negligently permitting dry grass and other com-

bustible matter to accumulate on its premises, and the jury will disregard all evidence (if any there be) of negligence of the defendant in any other particular."

"13. Defendant is not required by law to provide engines which will absolutely or entirely prevent the escape of sparks or fire, but only such engines as experience has shown to be the best in use."

"14. The court instructs the jury that they cannot value plaintiff's hay at the price for which he may have contracted to sell it, unless they find from all the evidence that such price was the fair market value of the hay in the stack, as it stood in the field. In fixing the value the jury should consider all the evidence and fix value of said hay at the reasonable cash value at the time and place and in the condition in which it was when it was destroyed."

"15. If you find from the evidence that the fire mentioned in proof first caught on the lands outside the right of way and off defendant's land your verdict must be for defendant."

The jury found the issues for plaintiff. From the judgment entered thereon the defendant prosecutes this appeal.

STRONG & MOSMAN, for the appellant.

I. The second instruction given by the court on its own motion is contradictory of those numbered eight and nine given at defendant's request. They are *in*consistent with each other. *State v. Newport*, 2 Mo. App. 295 ; *Goetz v. R. R. Co.*, 50 Mo. 472 ; *Henschen v. O'Bannon*, 56 Mo. 289 ; *Seymour v. Seymour*, 67 Mo. 303. So instructions two and eleven were inconsistent with, and instruction number five given for defendant, is in direct conflict with instructions given for plaintiff, and for this reason, if for no other, the judgment must be reversed. *Stevenson v. Hancock*, 72 Mo. 614 ; *Price v. R. R. Co.*, 77 Mo. 512.

II. The court erred in overruling the motion for new trial; and that in arrest of judgment.

J. W. STOKES, for the respondent.

I.   There was no evidence tending to prove the allegations of the petition. *Kenney v. R. R. Co.*, 80 Mo. 573.   In order to a verdict for plaintiff it was not necessary to prove both negligence in operating the engine and in permitting dry grass to accumulate on the right of way.   The proof of negligence in either respect is sufficient.

II.   The second instruction asserts the established doctrine in this state, as to the presumptions of negligence and the rebuttal of them, and is as favorable to defendant as the law would warrant. *Fitch v. R. R. Co.*, 45 Mo. 327 ; *Palmer v. R. R.*, 76 Mo. 217 ; *Kenney v. R. R.*, 70 Mo. 252.

III.   The seventh, eighth and ninth instructions given for defendant are more favorable than the law would warrant.   Cases cited, *supra*.   By these instructions, when taken together, the question of defendant's liability,   on account of any   supposed negligence in operating the engine, was virtually withdrawn from the jury.   It was left to the jury, however, to say whether the proof on the part of defendant established the facts which rebutted the presumption of negligence in setting out the fire.   If it did, they were told to find for defendant as to that charge of negligence. *Coale v. R. R. Co.*, 60 Mo. 227.

IV.   If the plaintiff's instructions are right and the defendant's instructions are inconsistent with them  by reason of being too favorable .to the defendant, the court will not reverse, because defendant was not injured by them. *Morris v. R. R.*, 79 Mo. 368 ; *Kenney v. R. R.*, 70 Mo. 243 ; *Wright v. McPike*, 70 Mo. 175.   But there is no contradiction in the instructions ; the case was fairly submitted to the jury and the judgment is for the right party.

PHILIPS, P. J.—This case, both as to the petition

and the facts, is much like that of *Palmer v. R. R. Co.* (76 Mo. 217); and there is really no principle involved not determined by that case and the case of *Kenney v. R. R. Co.* (70 Mo. 243).

The instructions given by the court on its motion· quite fully covered all the material facts in issue, and very clearly and fairly presented all the questions of law involved. (Cases, *supra*). The court,·with great propriety, might have refused all the other instructions asked. Such course, under like circumstances, would be the better practice. It is at once the wonder and the plague of the appellate courts that the trial judges do not pursue such course. The repetition of principles already laid down in one instruction, and the multiplication of declarations of law are but the fruitful source of inconsistency and confusion.

It may be conceded to appellant's contention, that instructions eight and nine given defendant are hardly· consistent with those given on motion of the court. But does it follow that this entitles the appellant to a reversal? If the declarations given by the court properly declared the law, and those given on behalf of the defendant were not calculated to confuse nor mislead the jury to defendant's hurt, or if those given the defendant conceded to it more than the law accords, it would be but harmless error, or one of which it would not lie in the mouth of the defendant to complain. *Cooper v. Johnson*, 81 Mo. 483; *Morris ·v. R. R. Co.*, 79 Mo. 368; *Wright v. McPike*, 70 Mo. 175; *Houx v. Batteen*, 68 Mo. 179; *State v. Hopper*, 71 Mo. 425.

In *Kenney v. R. R. Co.*, and *Palmer v. R. R. Co.*, *supra*, it is expressly held, that the fact of the escape of fire from the passing train and the ignition of grass on the track make out a *prima facie* case for plaintiff, and entitle him to go to the jury. There was such proof by the plaintiff in this case. This presumptive case the defendant may then rebut by proof,

first, that it at the time and place it employed the best machinery and contrivances for the prevention of the escape of fire, and second, that at the time and place it had in charge of the engine, etc., competent, skilled and careful servants, and that such servants were at the time exercising such skill and care.    Authorities, *supra*.

We fail to find in the bill of exceptions one word of evidence tending to show that at the time and place in question the defendant either had in charge of its engine such competent and skilled servants, or that those in charge were at the time exercising skill and care. So the plaintiff was not only entitled to go to the jury on his *prima facie* case, but would have been entitled to an instruction advising the jury that defendant had offered no sufficient evidence to rebut it.    And when the court, instead, went so far as to tell the jury in said instructions, numbered eight and nine, that there was no proof of negligence, etc., on the part of defendant's servants, etc., it committed error in favor of defendant; and also committed error in its favor in submitting to the jury the question as to whether plaintiff's *prima facie* case was rebutted.

The defendant cannot be heard to complain that the court accorded to it instructions which practically nullify some of those given by the court, where the latter are right, and the former are wrong. The defendant, in the matter complained of on this appeal, got more than the law authorizes at the trial, and its appeal is without merit.

The judgment of the circuit court is affirmed. All concur.