BELLE J. AUGUSTUS et al., Respondents, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY et al., Appellants.

Kansas City Court of Appeals, January 30, 1911.

1. **CARRIERS OF PASSENGERS: Injury at Crossing: Negligence of Motorman.** Plaintiff was injured in a collision between the car of the defendant street railway company and a freight train of the co-defendant railway company. The collision occurred at a crossing at which was a flagman employed by the co-defendants. *Held,* that it was the duty of the motorman to hold his car in a place of safety until the crossing was clear, i. e. until it was beyond action of the train, resulting either from its recoil, or the reversing of its engine, and the motorman was negligent in attempting to cross the track whether the signal that he received from the flagman was to proceed or to remain stationary.

2. ———: **Agency: Flagman at Crossing.** A flagman who was hired by one of three railroad companies, but who was maintained at the crossing where the injury occurred at the equal charge of the street railway company, and the three railroad companies, one of whom was a co-defendant of the street railway company in this action, so far as the plaintiff was concerned, is the agent of the street railway company who is answerable for his negligence.

3. ———: **Pleading: General Allegation of Negligence.** Where the only specification of negligence as to a street railway com-

pany was that it "so negligently constructed, maintained, and operated its car line, and the car on which plaintiff was a passenger," etc., the allegation is general, and not specific, and under such an averment the plaintiff might recover on any conceivable negligence of the company that could have caused the collision.

4. ———: Evidence: Negligence Generally Alleged: Burden of Proof. Where only general negligence is charged, plaintiff is not required to adduce proof of specific negligence, but makes out a prima facie case by proving that she was injured by the collision. The burden of proof then shifts to the carrier of showing that the collision was not caused by its negligence, but was due to unavoidable accident, or the negligence of others.

5. ———: Pleading: General Allegation of Negligence. Where the allegations of negligence as to the first co-defendant are general, the fact that plaintiff made specific averments of negligence as to the second co-defendant, will not convert the averment of negligence on the part of the first co-defendant from a general to a specific charge.

6. ———: Injury at Crossing: Duty of Motorman. With or without warning from the brakeman of a train switching on a crossing, it is the duty of a motorman to know of the presence of the train, and not to attempt to cross as long as it is in striking distance.

7. ———: Instructions. Where the verdict of the jury is also against the second of two co-defendants, the first co-defendant cannot on appeal object to instructions that were too favorable to the second co-defendant.

8. ———: Railway Crossing: Duty of Railroads. In an action for injuries caused by a collision at a crossing, it devolves upon defendant railway company to take into consideration, in the exercise of ordinary care, the fact that it was running its train over a busy street in rightful use by pedestrians and vehicles, and not to approach the crossing without giving warning, and not to do anything in the running of the train which unnecessarily would enhance the natural and inherent dangers and risks attending the switching of freight trains over a grade crossing.

9. ———: ———: Negligence of Railroad. Where there was no apparent necessity for the stopping of a train at a place where the taking up of slack in the train would clear the crossing, and the reaction would cause the end car to return to the crossing, and where the movement of the train away from the crossing, was caused by the taking of slack—a fact which was peculiarly within the knowledge of the trainmen, the defend-

ant railway company was not in the exercise of reasonable care in stopping at a place where the train would "kick back."

10. ——— : ——— : **Concurring Negligence.** The fact that the motorman in the employment of the co-defendant street railway company did not measure up to the required standard of care, does not excuse the negligence of the co-defendant railway company for its invasion of the rights of ordinary travelers on the street (including the plaintiff) whose duty to themselves was only that of exercising ordinary care.

11. ——— : ——— : **Specific Negligence of Railroad.** An averment of specific charges of negligence against the co-defendant railway company in that it negligently failed to warn the street railway company of the approach of its train is amply sustained by evidence that its rear brakeman, who knew the cars would recoil to the crossing, gave no warning of that fact, but left the safety of the passengers who were in no position to protect themselves, solely to the care of the motorman and flagman.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*M. A. Low* and *Sebree, Conrad & Wendorff* for appellant Chicago, Rock Island & Pacific Railway Company.

(1) The court should have sustained appellant Rock Island's, demurrer to the evidence, for the reasons: The respondent must recover, if at all, upon the negligence charged in the petition; and the evidence does not show any negligence whatever on the part of the Rock Island, and especially negligence in the manner charged in the petition. McGrath v. Transit Co., 197 Mo. 97; Foley v. McMahon, 114 Mo. App. 442; Hamilton v. Railroad, 114 Mo. App. 504; Feary v. Railroad, 162 Mo. 75; Bartley v. Railroad, 148 Mo. 124. (2) The court should have sustained appellant Rock Island's, motion in arrest of judgment. (3) The jury disregarded the instructions given in behalf of appellant, Rock Island. The court committed error in not granting a new

trial because the jury disregarded the instructions given in behalf of the Rock Island. Allen v. Transit Co., 183 Mo. 411; Turnpike Co. v. Vivion, 103 Mo. App. 324. (4) The court committed error in giving instruction 3 in behalf of respondents, for the reason that said instruction is not based upon nor warranted by the evidence. Crow v. Railroad, 212 Mo. 589; Paddock v. Lomes, 102 Mo. 226; Kennedy v. Railroad, 128 Mo. App. 297.

*John H. Lucas* for appellant Metropolitan Street Railway Co.

(1) Because the court erred in refusing to give the demurrer requested by this defendant at the close of plaintiff's case, and in refusing to peremptorily charge that the plaintiff could not recover as requested by this defendant. Under the pleadings and the evidence the plaintiff cannot recover. Lenox v. Harrison, 88 Mo. 495; Ramsey v. Henderson, 91 Mo. 565; Weil v. Posten, 77 Mo. 287; Knoop v. Kelsey, 102 Mo. 299; Roscoe v. Railroad, 202 Mo. 588; Davidson v. Transit Co., 211 Mo. 361. (2) Because the court erred in giving instructions 1, 2, 3, 4 and 5 as requested by the plaintiff, each and all of which were erroneous, unsupported by evidence and tending to confuse and mislead the jury. See authorities sub-div. 1; Connelly v. Railroad, 133 Mo. App. 315; Rodan v. Transit Co., 207 Mo. 409; Schaub v. Railroad, 133 Mo. App. 451; Mockowitz v. Railroad, 196 Mo. 571; Roscoe v. Railroad, 202 Mo. 588; Toncrey v. Railroad, 129 Mo. 602. (3) Because the court erred in giving instructions 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 as requested by the Rock Island, each and all of them being unsustained in fact, confusing and misleading, and enlarging the issues between the plaintiff and this defendant. See above authorities; Landrun v. Railroad, 132 Mo. App. 721. (4) Because the court erred in refusing to give instruction 5 as requested by

this defendant. Peck v. Transit Co., 178 Mo. 628; Bond v. Railroad, 110 Mo. App. 138; Flaherty v. Railroad, 207 Mo. 318; Page v. Heat Co., 139 Mo. App. 544. (5) Because the court erred in giving instruction 5 of its own motion. See authorities 4. (6) Because the court erred in refusing to give instructions 8, 9 and 11 as requested by this defendant. Wren v. Railroad, 125 Mo. App. 606. (7) Because the verdict of the jury is excessive and the result of bias and prejudice on the part of the jury against this defendant. Taylor v. Railroad, 185 Mo. 239. (8) Because the court admitted improper evidence. Keen v. Railroad, 129 Mo. App. 301; Thompson v. Keyes, 214 Mo. 487.

*A. F. Smith, Boyle & Howell* and *Guthrie. Gamble & Street* for respondents.

(1) The happening of this accident raises the presumption that one or both defendants were negligent. Kansas City, etc., Co. v. Stoner, 49 Fed. 209; 3 Thompson, Neg., sec. 2825. The Metropolitan is negligent as a matter of law. Goodloe v. Met., etc., Co., 120 Mo. App. 194; Railroad v. Tarin, 108 Fed. 734; St. Louis, etc., Co. v. O'Laughlin, 49 Fed. 440. (2) A person using a crossing cannot rely entirely on a watchman. Duncan v. Railroad, 46 Mo. App. 198. A railroad company is responsible for the acts of a flagman jointly employed by it and other companies. 20 Am. and Eng. Ency. Law, 177; 2 Thomp., Neg., sec. 1540; Brow v. Railroad, 157 Mass. 399, 32 N. E. 362; Illinois, etc.. Co. v. King, 69 Miss. 852, 13 So. 824. (3) The doctrine of *res ipsa loquitur* applies in this case. O'Gara v. Transit Co., 204 Mo. 724; Wills v. Met., etc., Co., 133 Mo. App. 625. (4) The petition charged negligence generally. Price v. Met., etc., Co., 220 Mo. 435; Loftus v. Met., etc., Co., 220 Mo. 470; Baskett v. Met., etc., Co., 123 Mo. App. 725; McRae v. Met., etc., Co., 125 Mo. App. 562. Plaintiff could rely on a presumption of negli-

gence. Orcutt v. Century, etc., Co., 201 Mo. 424, 214 Mo. 35; Price v. Met., etc., Co., 220 Mo. 435. Plaintiff had the right to plead negligence generally as to the Metropolitan and specifically as to the Rock Island. McDonald v. Transit Co., 108 Mo. App. 374; Wills v. Railroad, 133 Mo. App. 625. (5) Railroad trains have the right of way over street cars. 3 Elliott on Railroads, sec. 1096 c. k. (6) Allegation of injuries will permit proof of the natural result thereof. Van Cleve v. Railroad, 124 Mo. App. 224; Young v. Railroad, 126 Mo. App. 1; Burley v. Menefee, 129 Mo. App. 518; Neuer v. Met., etc., Co., 127 S. W. 669; Moore v. Transit Co., 226 Mo. 689. (7) Objection to an enlargement of the issues must be preserved by affidavit. Cossett v. Railroad, 224 Mo. 97. (8) Plaintiff's instructions were correct. Loftus v. Met., etc., Co., 220 Mo. 470. There was ample proof of a permanent injury. The verdict was not excessive. (9) A railroad using a street crossing must exercise care proportionate to the danger. Zander v. Transit Co., 206 Mo. 445; Compton v. Railroad, 147 Mo. App. 414, 126 S. W. 821; Frank v. Transit Co., 99 Mo. App. 323. It cannot rely entirely on the exercise of care by others. Clark v. Railroad, 129 Mo. 197, 212, 213. (10) The Rock Island instructions were erroneous. The verdict would not be invalid if it did not follow them. Ericson v. Railroad, 171 Mo. 647; Haxten v. Kansas City, 190 Mo. 53; Moore v. Transit Co., 193 Mo. 411.

JOHNSON, J.—While plaintiff Belle J. Augustus, was a passenger on an electric street car operated by defendant Metropolitan Street Railway Company on the Argentine line of its street railway system in Kansas City, a collision occurred between the car and a freight train at a railroad crossing and plaintiff was injured. She sued the Street Railway Company, the Chicago, Rock Island and Pacific Railway Company—the owner

of the train—and the St. Louis and San Francisco Railroad Company, the owner of the track on which the train was running, to recover the damages, but during the trial she dismissed the last mentioned company and proceeded against the remaining defendants. The jury returned a verdict in her favor against both defendants and the cause is before us on their appeals from a judgment rendered on the verdict which was for four thousand five hundred dollars.

There is no suggestion in the evidence of any negligence on the part of the plaintiff who was seated in the car at the time of the collision. As is usual in such cases each defendant seeks to exculpate itself by casting blame for the collision on its co-defendant and, as we shall show, each has achieved the usual result of adducing proof of the actionable culpability of its companion in the suit without excusing itself.

The collision occurred in the daytime on Nineteenth street near the state line. This street runs east and west, is occupied by two street car tracks and is crossed at and near the state line by a number of railroad tracks. The east one of these tracks, called in evidence "The Frisco connection" curves from a switch in the Frisco yards south of Nineteenth street in a northeasterly course across the street and to a connection with tracks of the Rock Island Company running in an east and west course north of and parallel to Nineteenth street. A freight train consisting of twenty-eight cars and an engine pulled up from the west on one of the Rock Island tracks for the purpose of backing in on the connection to the Frisco yards. It backed slowly and the rear brakeman, acting as a pilot walked ahead around the curve. When he reached the street he discovered another train working on the track ahead and to avoid a collision, gave a stop signal to his own engineer which was communicated by the middle and forward brakeman and obeyed by the engineer who could not see the end of the train. When the train stopped, the end car

was on the street railway crossing and obstructed both tracks. Immediately after the stop the train moved towards the northeast and cleared the north street car track by fifteen or twenty feet. Then the train stopped and ran back slowly until its end again reached the north street car track anl collided with a west-bound street car on which plaintiff was a passenger and which was attempting to pass over the crossing.

There was a flagman at this crossing who was hired by the Frisco Company but who was maintained at the equal charge of the Street Railway Company and three railroad companies, among them, the Rock Island. The motorman of the street car knew of the presence of the train, stopped at the crossing and waited until the train, moving northeastwardly, cleared the crossing and then proceeded over without looking again in the direction of the train. The train's pilot knew of the presence of the street car and observed it starting to cross as soon as the train left the crossing. The flagman knew of the presence of both train and street car and was on duty at his post. There is substantial evidence in the record accusing each and all of these men of negligence.

We shall content ourselves with giving only the following summary of the facts we find sustained by substantial evidence:

First. The flagman signalled the motorman to stop and remain where he was when his car was in a place of safety and the motorman disobeyed that signal in proceeding to cross.

Second. The flagman signalled the motorman to proceed and the motorman was following that signal when he ran his car into a place of danger.

Third. The return of the train to the crossing was caused by a signal from its pilot to back up.

Fourth. He gave no such signal, the engine did not move and the backward motion of the train was due to

recoil following the taking up of slack when the engine stopped.

Fifth.   The motorman gave a warning signal on his gong of his purpose to cross and the signal was heard by both the flagman and the train pilot.

Sixth.   The motorman started when the crossing was in range of the train's recoil.

Seventh.   He did not start until the crossing was beyond the scope of such action and the train could not return to it without the action of the engine.

The petition contains the following general charge of negligence: "The defendants negligently caused or permitted a collision to occur between the said car of the Metropolitan Street Railway Company and a train of cars of the defendant Chicago, Rock Island and Pacific Railway Company which was running over the tracks and railroad of the St. Louis and San Francisco Railroad Company under a license, lease, permit or running arrangement."

Then plaintiffs allege "the negligence of the defendant Metropolitan Street Railway Company, concurring to produce said collision, was that it so negligently constructed, maintained and operated its car line or street railroad and the car on which said plaintiff, Belle J. Augustus, was a passenger that it negligently caused or permitted said collision."

"The negligence of the defendant, Chicago, Rock Island and Pacific Railway Company, concurring to produce said collision consisted in its negligently causing or permitting its said train or cars to come on and upon said crossing when it knew, or by the exercise of ordinary care should have known that such collision would be a natural and probable result thereof; and in negligently failing to warn said Metropolitan Street Railway Company of the approach of said train or cars and of the danger of a collision therefrom."

First, we shall determine the questions argued by the Street Railway Company and then consider those

argued by the Rock Island Company. Counsel for the
Street Railway Company urge here the demurrer to the
evidence overruled by the court. In the consideration
of this demurrer, we must accept as proved the facts in
evidence hostile to the contention of the defendant.
From a merely evidentiary viewpoint it is difficult to
conceive of a reasonable ground for excusing this de-
fendant from liability for the injuries inflicted on plain-
tiff, its passenger, to whom it owed the duty of exercis-
ing the highest degree of care to protect her from injury
during her transportation. It was the duty of the mo-
torman to hold his car in a place of safety until the
crossing was clear, i. e., until it was beyond action of the
train resulting either from its recoil or the reversing of
its engine. To run his car in immediately behind a
slowly receding string of cars that could and might stop
and return was not ordinary, much less extraordinary
care. No signal from the flagman would warrant a
prudent man in taking such chances and subjecting the
lives of those intrusted to his care to such grave risks.
If such signal, in fact, was given, it told the motorman
nothing more about the train and its future action than
his own senses had told him and he had no right to re-
ly on the flagman's judgment in the face of the known
facts that would disparage such judgment in the mind
of a careful and prudent person in his situation. His
duty commanded him to use his own senses and great
caution for the protection of his passengers in a sit-
uation so fraught with dangerous possibilities and he
could not cast that duty on the flagman and remain with-
in the limits of proper care. More censurable still was
his conduct if, as there is evidence tending to show, he
started across in opposition to the flagman's warning.
He had no right to take any chances and even if he
thought the way was clear should have heeded a warn-
ing from one whose duty it was to give such warning
and whose opportunity to detect the presence of dan-
ger was equal or superior to his own. The jury were

entitled to conclude that the motorman was negligent whether the signal he received was to proceed or remain stationary.

And, further, the flagman, so far as plaintiff was concerned, was the agent of this defendant and this defendant is answerable for his negligence. The jury were justified in believing from the evidence that he signalled the motorman to advance. If he did, the negligence of such act is too plain for serious discussion. It was his particular duty to know that the way was clear before giving such signal and the event demonstrated most convincingly his remissness in the performance of that duty. But counsel insist most earnestly that the petition charges this defendant with specific acts of negligence which are not supported by evidence. The answer we give to this argument disposes also of the principal objection urged against the instructions given at the request of plaintiff. The only specification of negligence is that the street railway company "so negligently constructed, maintained and operated its car line and the car on which said plaintiff was a passenger," etc. There is no claim in the evidence of any defect in the construction or equipment of the road and the negligence disclosed relates entirely to the operation of the car. The allegation is general and not specific. It does not point to any special act of negligence in the operation of the car, or, for that matter, in the construction of the road or in the maintenance of equipment. Under such averment the plaintiff might recover on any conceivable negligence of the company that could have caused the collision, and in this respect it differs essentially from the averment considered in Hamilton v. Railway Company, 114 Mo. App. 504, where specific acts of negligence were alleged.

Since only general negligence is charged, plaintiff was not required to adduce proof of specific negligence. She made out a prima facie case by proving she was a passenger and was injured by a collision of the vehicle

in which she was riding. The burden then shifted to the carrier of showing that the collision was not caused by its negligence but was due to unavoidable accident or to the negligence of others. [Goodloe v. Railway, 120 Mo. App. 194; Wills v. Railroad, 133 Mo. App. 625; Crews v. Railway, 19 Mo. App. 302; Kean v. Schoening, 103 Mo. App. 77; Magoffin v. Railway, 102 Mo. 540; Magrane v. Railway, 183 Mo. 119; Fullerton v. Fordyce, 144 Mo. 519.]

The effort in the argument of counsel of the Street Railway Company to make the specific averments of negligence on the part of its original co-defendants, the Rock Island and Frisco Companies perform the office of converting the averment of negligence on the part of the Street Railway Company from a general to a specific charge is unavailing. The dismissal of the last named defendant from the suit had the effect of eliminating from the petition the cause asserted against that defendant and we shall not consider the allegations relating to that abandoned cause as possessing any modifying effect on the remainder of the pleading.

As to the pleaded negligence of the Rock Island Company the charge that the brakeman failed to warn the operators of the street car of the approach of the train cannot be construed as a specification of negligence on the part of the motorman, since, with or without such warning, it was his duty to his passengers to know of the presence of the train and not to attempt to cross as long as it was in striking distance.

The demurrer of the Street Railway Company was properly overruled.

We have already sufficiently answered the criticisms of plaintiff's instructions urged by this defendant. A number of objections are leveled at the instructions given at the request of its co-defendant but those objections, even if valid, relate to errors of which plaintiff and the Street Railway Company might have complained had the verdict exonerated the Rock Island

Company. For instance, plaintiff, as we shall show, well might complain of an instruction authorizing the release of the railroad company on the ground that the collision resulted from the recoil of the train and not from a signal to back the train, but since the jury rejected that theory of the collision and held the Rock Island, in what way could the Street Railway Company have been prejudiced by a rejected hypothesis that was too favorable to its co-defendant?

We find the rulings on all the instructions are free from harmful error and pass to the questions relating to the liability of the Rock Island Company. *That* defendant owed plaintiff the duty of exercising ordinary care to guard against a collision at the crossing between its train and the car on which she was a passenger. In the exercise of such care it devolved on the Rock Island Company to take into consideration the fact that it was running its train over a busy street in rightful use by pedestrians and vehicles and not to approach the crossing without giving warning and not to do anything in the running of the train which unnecessarily would enhance the natural and inherent dangers and risks attending the switching of freight trains over a grade crossing. There was no apparent necessity for the stopping of the train at a place where the taking up of slack would clear the crossing and the reaction would cause the end car to return to the crossing and we say that theory of the collision urged as a defensive fact by counsel of the Rock Island does not tend to free their client from the imputation of negligence. The trainmen should have realized that persons using the street might be misled by the movement of the train away from the crossing into the supposition that it was being pulled away by the engine and would not return immediately. The fact that the movement was caused by the taking up of slack was peculiarly within the knowledge of the trainmen and in the exercise of rea-

sonable care, they should not have stopped at a place where the train would "kick" back and strike the unwary traveler who might be in its path. We held the motorman to knowledge of the dangers of the situation on the ground that in the exercise of the high degree of care a carrier owes its passengers, he should have thought of all the dangerous possibilities attending the act of running his car in behind a slowly receding train, but his failure to measure up to the standard of care imposed on him by law did not excuse the negligent invasion by this defendant of the rights of ordinary travelers on the street, (including the plaintiff), whose duty to themselves was only that of exercising ordinary care.

We find ample evidence to support the specific charges against this defendant. The averment that it negligently failed to warn the Street Railway Company of the approach of the train is sustained by evidence to the effect that the rear brakeman, who knew the cars would recoil to the crossing, gave no warning of that fact, but left the safety of the passengers who were in no position to protect themselves solely to the care of the motorman and flagman. Being in immediate control of the threatening instrumentality the active duty was on him to be on the lookout and to give warning of the presence of a peril of which he had every reason to believe people on the street would be ignorant.

The learned trial judge committed no error in refusing the request of this defendant for a peremptory instruction. Answering the numerous objections urged against the rulings on the instructions we find this defendant fared better in the instructions than the evidence warranted and has no cause of complaint.

We do not agree with counsel for the Street Railway Company that the verdict is excessive. The judgment is a clear expression and accomplishment of substantial justice and, as the cause was tried without

material error, it follows that the judgment should' be affirmed.

It is so ordered.   All concur.