JOSEPH HEINE et al., Respondents, v. ST. LOUIS
AND SAN FRANCISCO RAILROAD COMPANY,
Appellant.

Springfield Court of Appeals, June 6, 1910.

1. RAILROADS: Negligence: Defective Engine: Injury to Employee: Contributory Negligence. Deceased was employed by defendant railroad company as yard clerk. While performing his duties, he was caught between a coal car and a box car standing on tracks of defendant which intersected at an acute angle. The coal car was defective, and in switching there was no occasion to move this car, and under the evidence, it is held that deceased had a right to presume that the car would not be moved. The engine used in the switching was defective and the collision occurred because the engine could not be controlled. Evidence examined and held sufficient to go to the jury on defendant's negligence, and that deceased was not guilty of contributory negligence as a matter of law.

2. EVIDENCE: Demurrer: Duty of Trial Court. In a demurrer to the evidence, the court must indulge every inference of fact in favor of the party offering the evidence which a jury might indulge with any degree of propriety.

3. ——: Contributory Negligence: Question for Jury. Where the undisputed evidence in a case is susceptible of two inferences, the one consistent with the exercise of ordinary care and the other tending to show contributory negligence, the court must submit the question to the jury.

4. CONTRIBUTORY NEGLIGENCE: Presumption as to the Exercise of Care. In a suit against a railroad company for negligently causing the death of an employee, it is held that the law presumes that deceased was in the exercise of ordinary care and diligence at the time of the accident until the contrary appears.

5. RAILROADS: Duty to Keep Engines in Repair. It is the duty of a railroad company to exercise ordinary care to keep its engines in such condition that the same may be used for the purposes for which they were intended.

6. NEGLIGENCE: Railroads: Right to Presume That Care Will be Used. In a suit against a railroad company for negligently crushing an employee between cars and killing him, it is held that the deceased had a right to presume that the engine used in switching was in good order, and that it would be run at the ordinary and usual speed.

Appeal from the St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*W. F. Evans* and *Jones, Jones, Hocker & Davis* for appellant.

The deceased son of plaintiffs was guilty of negligence which proximately caused his own death or which contributed thereto. Hudson v. Railroad, 101 Mo. 13; Gurley v. Railroad, 104 Mo. 211; Lewis v. Railroad, 38 Md. 588; Railroad v. Pinchin, 31 Am. and Eng. Rd. Cas. 428; Jones v. Railroad, 13 L. R. A. (N. S.) 1066; 2 Rorer on Railroads, 1055; Moore v. Railroad, 146 Mo. 572; Montgomery v. Railroad, 109 Mo. App. 88.

*R. F. Walker* and *Edward A. Raithel* for respondents.

(1) Where the undisputed evidence in a record is susceptible of two inferences, the one consistent with the exercise of ordinary care and the other tending to show contributory negligence, the court must submit the question to the jury. Wyatt v. Railroad, 55 Mo. 485; Norton v. Ittner, 56 Mo. 352; Mauerman v. Siemerts, 71 Mo. 101; Nagle v. Railroad, 75 Mo. 653; Huhn v. Railroad, 92 Mo. 440; Church v. Railroad, 119 Mo. 203; Weller v. Railroad, 120 Mo. 635; Davis v. Railroad, 46 Mo. 185; Fusili v. Railroad, 45 Mo. 541; Duggan v. Railroad, 46 Mo. App. 270; Threlkeld v. Railroad, 68 Mo. App. 131; Wentworth v. Duffy, 68 Mo. 513. (2) In determining whether or not plaintiff has a case to submit to the triers of the joint issues, he is entitled to the benefit of every fact in evidence favorable to his contention, and of every reasonable inference therefrom. Buckley v. K. C., 95 Mo. App. 188; Cogan v. Railroad, 101 Mo. App. 179; Webber v. Railroad, 100 Mo. 194; Drain v. Railroad, 86 Mo. 574; Cook v. Railroad, 19 Mo.

App. 226. (3) On a demurrer to the evidence, the court must indulge every inference of fact in favor of the party offering the evidence which a jury might indulge with any degree of propriety. Wilson v. Board of Education, 63 Mo. 137; Buesching v. Gas Light Co., 73 Mo. 219; O'Hare v. Railroad, 95 Mo. 662; St. Louis v. Railroad, 114 Mo. 13; Bender v. Railroad, 137 Mo. 240; Pauck v. Provision Co., 159 Mo. 467; State ex rel. v. Thayer, 5 Mo. App. 429; Brink v. Railroad, 17 Mo. App. 177; Feurt v. Brown, 23 Mo. App. 332; Ecton v. Ins. Co., 32 Mo. App. 53; Walton v. Railroad, 32 Mo. App. 634; K. C. Sewer Pipe Co. v. Smith, 63 Mo. App. 608; Burbridge v. Railway, 36 Mo. 669; George v. Railroad, 40 Mo. App. 433; Davis v. Clark, 40 Mo. App. 515; Field v. Railroad, 46 Mo. App. 449.

GRAY, J.—The deceased, a minor son of plaintiffs', was killed on the 7th day of February, 1905, by being caught between a coal car and a box car standing on tracks of the defendant, which intersected at an acute angle. The deceased was about nineteen years of age, and at the time of his death, earning forty-five dollars per month. He was employed by the defendant as a yard clerk, and his duties consisted in taking the seal record, numbers, and condition of the doors of certain trains. He had been in the employ of the defendant and in the performance of this work three nights previous to the time of his death. He carried with him, in the performance of his duties, a slip of paper to take seal records on, and also a lantern and pencil.

A bad order or defective coal car had been standing for three or four days on one of the tracks of the defendant, and also on the same track and at a distance of from fifteen to twenty-five feet therefrom, and to the west, stood another car of the defendant, the end of which, next to the defective coal car, was in such a condition that it could not be coupled to the coal car. The

trainmen of the defendant were engaged in making up and outgoing train on a track which crossed at an acute angle the track on which the coal and defective box cars were standing, and a box car in this train stood across the track on which the coal car was standing, and they were so close together that there was a space of about twenty inches between one of the east corners of the coal car and the side of the box car on the track upon which the train was being made up. The deceased was engaged in taking the numbers and examining the seals and doors of this outgoing train. There were doors on both sides of the car, standing across the track, and it was the duty of the deceased to examine these doors and seals. When the deceased was found he had his record, but his lead pencil and lamp were found on the ground near his feet.

The evidence tends to prove that his death was caused by the trainmen backing the defective coal car against the other train standing on the other track, and that the deceased was between the east end of the coal car and the box car of the outgoing train and was caught in the collision.

The petition alleges that the defendant was using a defective engine in making up this train, and in moving cars from one track to another in the yards; that the engine was so defective that it would not stop or start readily, and was not subject to the control of the engineer; and that while moving some cars on the track on which the defective coal car was situated, and on account of the defective condition of said engine, the said cars were backed violently against the said disabled coal car, and thereby drove it against the deceased, and caused his death.

The answer, in addition to a general denial, alleged that the deceased came to his death by his contributory negligence in going upon and across the railroad track, and in front of cars which were upon said track, and between the cars upon said track and the car upon the in-

tersecting track, at a time when an engine was switching, handling and moving the cars upon said first named track, and was about to switch, handle and move the cars upon said track.

At the close of the testimony, the court gave an instruction to the jury that the plaintiffs were not entitled to recover. Thereupon the plaintiffs took a nonsuit, with leave to move to set the same aside. In due time a motion therefor was filed, and was sustained by the court, and the defendant has appealed.

There is but one question to be determined, and that is: Did the court err in setting aside the judgment of nonsuit, and thereby declaring the plaintiffs' case was one for the jury? In determining this question, we must be guided by the following principles:

"On a demurrer to the evidence, the court must indulge every inference of fact in favor of the party offering the evidence, which a jury might indulge with any degree of propriety." [Wilson v. Board of Education, 63 Mo. 137.]

In determining whether or not the plaintiff has a case to submit to the jury, he is entitled to the benefit of every fact in evidence favorable to his contention, and of every reasonable inference therefrom. [Buckley v. Kansas City, 95 Mo. App. 188, 68 S. W. 1069.]

Where the undisputed evidence in a record is susceptible of two inferences, the one consistent with the exercise of ordinary care and the other tending to show contributory negligence, the court must submit the question to the jury. [Wyatt v. Railroad, 55 Mo. 485; Huhn v. Railroad, 92 Mo. 440, 4 S. W. 937; Hamman v. Central Coal & Coke Co., 156 Mo. 232, 56 S. W. 1091.]

The law presumes that the deceased was in the exercise of ordinary care and diligence at the time of the accident, until the contrary appears. [Parsons v. Railroad, 94 Mo. 286, 6 S. W. 464.]

The negligence of the defendant was shown sufficiently to carry the case to the jury. There were about fifteen or twenty tracks in the yards where the switching was being done. The engine was leaking its steam so that it did not have its ordinary power, and the testimony tends to show that on account thereof, it could not be controlled; that a train was being made up on one of the tracks; that some of the cars on the track where the coal was standing were to be taken as a part of the train; that the engine backed in on the track for the purpose of getting them, and on account of the defective condition of the engine defendant's servants were only able to take at one time about half of the cars needed; that when they pulled out a part of the cars, they returned to get the others, and intended to take all the cars on that track except the defective coal car; that when the engine came back against the cars and on account of its defective conditions, the engineer was unable to control it or the cars attached to it, and notwithstanding all the emergency signals known to the railroad men were given, the engine continued to back, as one witness says, at the rate of fifteen miles an hour, and another at about three or four miles and hour, and forced the cars back against the defective coal car with such force that the coal car was driven against the box car standing on the cross track, and then continued to force its way down the sides of that car for several feet.

It was the duty of the defendant to exercise ordinary care to keep its engine in such condition that the same could be used for the purposes for which it was intended. In switching in yards, it often becomes necessary to stop the engine and cars suddenly and the brakes on the cars and engine are used therefor. And if the defendant, as the testimony shows, used an engine that was so out of repair and in such a defective condition that it was not available to assist the servants in

stopping the cars in the yards, then it was negligence to use the same.

The testimony shows that after the engine had pushed the coal car back against the other car standing on the cross track, an effort was made to start the engine forward, but on account of its defective condition, it had no power, and remained there until another engine was sent for and removed it. The undisputed evidence shows that the engine had been in this defective condition all during the night.

It is said, however that the deceased was guilty of contributory negligence as a matter of law, and for that reason, the court erred in setting aside the judgment of nonsuit.

In passing upon the question of the deceased's contributory negligence, we are also guided by the above rules. The evidence on the part of the plaintiff shows that the night was dark and stormy. The deceased had been working in the yards for only three nights, and during that time this defective coal car had stood in the same position. There was no danger to him from the movement of the train on the other track, as the moving of the cars on that track would not cause them to come nearer to the coal car than about twenty inches. The only danger came from the movement of the coal car. There is no testimony that he knew of the defective condition of the engine, and therefore, he had the right to rely upon the presumption that it was in proper condition for use, and that it would be used in a proper manner. When the engine came down on the side track, the nearest car on that track to the coal car was twenty feet away. When the engine came in and took out a part of the cars, the deceased may have relied upon the conclusion that the other cars were not needed, as they were not taken. He did not know the reason for not taking them was that the engine was so defective that it could only pull a part of its usual load. The deceased had the

right to presume also, that if the engine did come back upon the switch for the remaining cars, that it would come at an ordinary and usual rate of speed. If it had, he would have had time, after it struck the car standing some twenty feet from the coal car, to get to a place of safety, and if the engine had been in proper condition and properly handled, there would have been no collision between the box car on the same track with the coal car, or with the box car standing on the other track. The collision between the cars on the two tracks was solely due to the negligence of the defendant in using the defective engine.

The case is not similar to the one where the employee went between two cars standing on the same track when he knew or had reason to know that the same were liable to be moved at any time. The collision between the cars causing the deceased's death, was not between two cars standing on the same track, but was the result of the defendant's negligence in driving the coal car against the car standing on the other track.

The evidence shows that the east end of the box car standing west of the defective coal car, was in such condition that it could not be coupled to the coal car, and therefore, there was no reason for sending the box car against the coal car.

The appellant says the defendant was guilty of negligence in going between the cars when he must have known they were likely to be moved at any time. If we indulge in the presumption that the deceased was in the exercise of ordinary care, then we have the right to presume that he did not go between the cars ignorant of the condition of the box car standing on the track west of the coal car, but that he knew in the absence of negligence, the coal car would not be moved, and relying upon the presumption that the defendant's servants would exercise ordinary care to prevent injuring him, and being ignorant of the defective condition of the engine, he passed in between the defective coal car and

the box car standing on the other track, in performance of the very duty to which he had been assigned.

Under these circumstances, we do not believe the court had the right to declare as a matter of law, that he was guilty of such contributory negligence as to prevent a recovery.

Counsel for the appellant have cited us to many cases holding that persons and employees going between cars are guilty of contributory negligence as a matter of law. These cases were correctly decided, but they were all based upon the material fact that the cars were standing on the same track and were likely to be moved at any time.

In this case, for the reasons above given, the situation was entirely different. The coal car was not likely to be moved at any time, and would not have been moved except through the negligence of the defendant. The deceased had the right, in the absence of knowledge to the contrary to rely upon the presumption that defendant was using a proper engine in a proper manner, and if this had been done, he would not have been hurt. The judgment of the trial court will be affirmed. All concur.