Steffens v. Fisher.

HENRY C. STEFFENS, Respondent, v. HENRY C. FISHER, Appellant.

Springfield Court of Appeals, February 5, 1912.    Motion for Rehearing Overruled February 26, 1912.

1. FIRES: Negligence: Sufficiency of Evidence. In an action to recover damages for destruction of property by a fire alleged to have been negligently permitted by defendant to spread from his premises and to be communicated to plaintiff's fence, the evidence is examined and held sufficient to justify submitting the question of defendant's negligence to the jury.

2. PRACTICE: Objection to Testimony: Appeal and Error. An objection to testimony saved in the record in the following form, "the defendant objected to this question," is insufficient to save the question of the competency of the testimony on appeal.

3. ————: Demurrer to Evidence. The trial court is not warranted in sustaining a demurrer to the evidence, unless the evidence is such as to leave no room for men of reasonable intelligence to differ on an essential issue in the case. Where the undisputed evidence is susceptible to two inferences, the court must submit it to the jury.

4. ————: ————: Circumstantial Evidence. In passing upon a demurrer to the evidence, it is not necessary that each essential issue be established by direct evidence, but circumstantial evidence may tend to the same end and be as cogent and conclusive as direct evidence.

5. FIRES: Negligently Permitting to Escape: Effect of High Wind. In an action for damages for negligently permitting fire to escape from the defendant's premises and destroy property belonging to plaintiff, the defendant would not be liable if after he had started the fire on his premises, and was looking after it, an unexpected high wind suddenly arose and carried the fire to plaintiff's premises. But the evidence in this case is examined and held not to justify declaring as a matter of law, that defendant was excusable on account of the wind.

6. ————: ————: **Right to Kindle on Own Premises.** A person has a right to kindle fire on his own land and .he is not liable for damages in case it escapes to the land of another, provided he uses reasonable care and caution to prevent it spreading to the other's land.

7. ————: **Destruction of Property: Measure of Damages.** The measure of damages for the destruction of a fence by fire is the actual value of the fence as it stood.

8. **INSTRUCTION: Fires: Negligence: Confining to One Element of Negligence.** An instruction in an action for damages for negligently permitting fire to escape from defendant's land and destroy property .belonging to plaintiff is erroneous,, which confines the jury to the one element of negligence in failing to watch the fire, when there was testimony tending to prove that the defendant was guilty of negligence in not backfiring around his premises, so as to prevent the fire from spreading.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*Dooley & Hiett* and *W. E. Barton* for appellant.

(1) The evidence was not sufficient to carry the question to the jury of whether the fire originated at defendant's brush pile. Kenny v. Railroad, 70 Mo. 248; Sheldon v. Railroad, 29 Barb. 228; Peck v. Railroad, 31 Mo. App. 123; Peffer v. Railroad, 98 Mo. App. 291; Manning v. Railroad, 137 Mo. App. 631. (2) Evidence that the fire in question merely might have originated from defendant's engine or even proof tending to show that it did, is not entitled to much weight, unless the possibility of origin from other sources is excluded. Smith v. Railroad, 37 Mo. 295; Warner v. Railroad, 178 Mo. 134; Root v. Railroad, 195 Mo. 367; Gibbs v. Railroad, 104 Mo. App. 276; Wright v. Railroad, 107 Mo. App. 209; Fields v. Railroad, 113 Mo. App. 642; Lead Co. v. Railroad, 123 Mo. App. 394; Tapley v. Railroad, 129 Mo. App. 88; Swift & Co. v. Railroad, 149 Mo. App. 526; Erhart v. Railroad, 136 Mo. App. 617; Foster v. Railroad, 143 Mo. App. 547;

Levi v. Railroad, 138 S. W. 699. (3) Defendant had a right to set fire to his brush piles. Finley v. Langston, 12 Mo. 120. And there is no complaint about the purpose, time or manner of setting. The petition bases the action solely upon the negligent management and specifically "failing to watch said fire." 123 Am. St. Rep. 576; Cooley on Torts (2 Ed.), 700; 13 Am. and Eng. Ency. of Law, 464. (4) Negligence is the whole ground and very gist of the action and must be proved as laid. Smith v. Railroad, 37 Mo. 292; Martin's Exrs. v. Miller, 20 Mo. 391. And the evidence was not sufficient to go to the jury on that issue. Case v. Hobart, 25 Wis. 654; Calins v. Barger, 44 Barb. 462; Miller v. Martin, 16 Mo. 508. (5) The negligence, if any, was not the proximate cause of the injury. Clemens v. Railroad, 53 Mo. 366; Warner v. Railroad, 178 Mo. 134; Russell v. Reagan, 34 Mo. App. 242; Reed v. Railroad, 50 Mo. App. 504; Louisville Co. v. Nitsche, 9 L. R. A. 750; Jackson Co. v. Penn. Co., 17 L. R. A. 55; 3 Parsons on Contracts (7 Ed.), 180; Bowers v. Railroad, 12 L. R. A. (N. S.) 466. (6) The wind which arose twenty-four hours after the brush pile had been burned down was an intervening cause. Read v. Nichols, 7 L. R. A. 130; Marvin v. Railroad, 11 L. R. A. 506. The rise of the wind could not have been anticipated by any reasonable man. Miller v. Martin, 16 Mo. 508; 21 Am. and Eng. Ency. Law, 586. (7) Two rules for measuring damages are laid down in the books: (a) the difference between the value of the land just before and just after the fire. Atkinson v. Railroad, 63 Mo. 367; Flannery v. Railroad, 44 Mo. App. 396; Muldrow v. Railroad, 62 Mo. App. 431; Diggs v. Railroad, 131 Mo. App. 457; Doty v. Railroad, 136 Mo. App. 254; Miller v. Neal, 129 Am. St. 1077; (b) the value of the property destroyed considered separate and apart from the real estate. Plaintiff had a right to choose which of these he would take, but could not select strong points of both. 13 Am.

and Eng. Ency. Law, 540; Shannon v. Railroad, 54 Mo. App. 223.

*Lamar, Lamar & Lamar* for respondent.

(1) As to the first assignment of error by appellant that the court erred in admitting evidence to prove certain matters, it is sufficient answer to say that an examination of the abstract will show that the appellant did not, in the trial court, give or assign, a single reason for a single objection made to any of the testimony offered. A general objection does not suffice. The reason why must be given by counsel. Hutchinson v. Morris, 131 Mo. App. 262; Kinlen v. Railway, 216 Mo. 174; Schoen v. Brewing Co., 126 Mo. App. 268; State v. Meagher, 124 Mo. App. 337; State v. Crone, 209 Mo. 330; Smith v. Railroad, 127 Mo. App. 165. (2) The court did not err in overruling the defendant's demurrer to the evidence, and in submitting the case to the jury. If there is any substantial evidence to sustain plaintiff's claim, it should be submitted to the jury and plaintiff's case may be made by circumstantial evidence. Torpey v. Railroad, 64 Mo. App. 382; Swift v. Railroad, 149 Mo. App. 526; Waddell v. Railroad, 146 Mo. App. 608; Fields v. Railroad, 113 Mo. App. 642; Lead Co. v. Railroad, 123 Mo. App. 402; Tapley v. Railroad, 129 Mo. App. 88; Erhart v. Railroad, 136 Mo. App. 617; Foster v. Railroad, 143 Mo. App. 552; Root v. Railroad, 195 Mo. 349; Wright v. Railroad, 107 Mo. App. 209. (3) While the cases arising from this particular class of fires are not numerous, the law is well settled and the rights of a landowner fully defined and settled. Brummitt v. Furness, 50 Am. St. Rep. 215; Miller v. Neale, 119 N. W. 94, 129 Am. St. 1077; Norman v. Shelp, 144 Mo. App. 138; Hays v. Brandt, 98 S. W. (Ark.) 368; Ward v. Powell, 127 S. W. (Tex.) 851; Mahaffey v. Lumber Co., 56 S. E. 893; King v. Norcross, 82 N. E. 17; Ulrich v. Stephens, 93 Pac. 206. (4) It was a question for the

jury whether or not the defendant exercised reasonable care under the circumstances. Vaughn v. Brewing Co., 132 S. W. 296; Munro v. Railroad, 135 S. W. 1016; Tuck v. Traction Co., 140 Mo. App. 341; Shortridge v. Estate, 145 Mo. App. 302; Miller v. Peck, 104 Mo. App. 609.

GRAY, J.—This suit was commenced before a justice of the peace in Texas county, to recover damages resulting to respondent's fence by reason of a fire alleged to have escaped from appellant's premises. There was a judgment for plaintiff in the justice court, and on trial anew before a jury at the June term, 1911, of the circuit court of said county, he was again successful and recovered a judgment of $44.40, and defendant appealed.

The first assignment of error is, that the court erred in admitting certain evidence offered by plaintiff tending to prove the proper steps to be taken to prevent fire from escaping. The record discloses that no objections were made to the competency of this testimony, but that each objection was in the following form: "The defendant objected to this question." The objections were insufficient. [State v. Crone, 209 Mo. 316, 108 S. W. 555; Fuller v. Robinson, 230 Mo. 22, 130 S. W. 343.]

The second assignment of error is, that the court should have sustained plaintiff's demurrer to the evidence. This assignment is based on the ground that the evidence was insufficient to show that the fire spread from the brush piles burned by defendant, or if it did that, defendant failed to use ordinary care in controlling it and preventing the spreading thereof to plaintiff's premises. The plaintiff and defendant were adjoining landowners. Defendant owned eighty acres of land, consisting of a tract a quarter of a mile wide east and west, and a half mile long north and south. Plaintiff owned eighty acres running east and west,

and his west forty was directly north of defendant's north forty. There was a public road along the south line of defendant's land, and also one seven or eight feet wide running along the east side of his south forty and then on an angle to the northwest through the west forty to a point some distance west of defendant's tract, and then extending to the southwest until it intersected the county road running east and west along the south side of defendant's premises.

On the first day of February, the defendant, with some hired men, was engaged in clearing a part of his land, and set fire to a brush pile, and it is claimed by plaintiff that the fire escaped from this brush pile and burned north and across the road, and spread to his premises and burned four thousand four hundred and forty rails, then in a fence.

The plaintiff offered testimony in substance, as follows: In his own behalf he testified that the fire occurred on the second day of February, and at that time there was a strong wind blowing from the southwest, and there had been no rain since the preceding July, and the ground was extremely dry; that the land was timber and brush land, and had not been burned over for several years, and was covered with leaves; that he first saw the fire about noon, and that he went down to the public road and the fire was then crossing the road and was burning on the north side and toward the northeast; that he observed that it was then burning on the south side of the road, and that it had come from that side; that the next day he found fire in a brush pile on defendant's land, where it had been burning; that grass and weeds had grown on either side of the public road until there was only a strip seven or eight feet wide occupied by the road that was free of grass.

George McKinney testified that on the day preceding the fire he was working for defendant on his premises; that during the day they had burned two brush

piles, and that on the evening when they quit work, there was fire in one of them.

Joe Foster testified that the fire crossed the road and was burning to the northwest. John Gross testified that he saw the fire in the forenoon at about 11:30, and that it was on defendant's premises south of the road, but burning in a northeasterly direction towards plaintiff's premises. John Willhite testified that about dark of the  evening preceding the fire, he passed along the road, and that he saw the fire burning on defendant's premises; that he noticed the brush piles and saw that fire had been under them, and that it seemed to be coming from where they had been clearing the land.

The plaintiff offered further testimony tending to prove that after the fire there were coals in the brush pile, and that by back-firing along the road defendant would have prevented the fire from spreading to his premises.  There was no evidence of any other fire having been started in that neighborhood at that time.  The defendant offered testimony to prove that on the side of the road was a spring and a camping place at which persons sometimes camped, but there was no testimony that any one camped there on the day of the fire, or for several days prior thereto, and plaintiff testified that he examined the ground around the camping place and there were no ashes to indicate that any one had camped there.

The defendant testified that the wind came up about ten o'clock in the morning of the day of the fire, and that he was at work on the premises until after eleven o'clock that day.  This testimony of the defendant, when considered with testimony offered by plaintiff, tended to prove that while a strong wind was blowing, and while the fire was burning on defendant's land, he was near the same, and took no step to extinguish it, or to prevent its spreading.

The trial court is not warranted in sustaining

the demurrer to the evidence unless the evidence is such as to leave no room for men of reasonable intelligence to differ on an essential issue in the case. If there be substantial evidence upon every issue necessary to a recovery, it is for the jury to determine its weight and probable force. And it is not necessary that each essential issue be established by direct evidence, but circumstantial evidence may tend to the same end and be as cogent and conclusive as direct evidence. On a demurrer to the evidence, the court must indulge every inference of fact in favor of the party offering the evidence, which a jury might indulge with any degree of propriety. And the plaintiff is entitled to the benefit of every fact in evidence favorable to his contention, and of every reasonable inference therefrom. And where the undisputed evidence is susceptible of two inferences, the court must submit the question to the jury. [Heine v. Railroad, 129 S. W. 421.]

This case forms no exception to the above general rule. The evidence was sufficient to take the case to the jury.

The appellant says, however, it was the high wind that carried the fire to plaintiff's premises, and therefore, it was caused by an act for which he is not liable. The evidence discloses that it was not an extraordinarily high wind, but was a strong one for that time of the year. If defendant started the fire on his own premises and was looking after it, and suddenly an unexpected high wind arose and carried it to the plaintiff's premises, the defendant is not liable. [Miller v. Martin, 16 Mo. 508; Shearman & Redfield on Negligence, vol. 2, sec. 666; 13 Am. & Eng. Enc. Law (2 Ed.), 459; Needham v. King, 95 Mich. 303, 54 N. W. 891, and cases therein cited.]

In 13 Am. & Eng. Enc. Law, supra, it is said: "The line of liability is drawn between cases where the operation of the wind has been usual and ordinary,

and where it has been extraordinary or of a nature entirely unexpected; the defendant being held.responsible in the former instances, but not in the latter.''

Without further encumbering this opinion by copying testimony from the record, it seems to us that under the testimony heretofore set out, the court would not have been justified in declaring, as a matter of law, that defendant was excusable on account of the wind. [Jones v. Railroad, 178 Mo. 528, 77 S. W. 890; Mahaffey v. Rumbarger Lbr. Co., 56 S. E. 893, 8 L. R. A. (N. S.) 1263.]

The defendant had a right to kindle the fire on his own land, and if he used reasonable care to prevent its spreading to plaintiff's land, then he is not liable. The case is not predicated upon the theory that the defendant, in starting the fire, was negligent, but that he negligently permitted it to spread, and to be communicated to the property of the plaintiff. The gist of the action is negligence, and for plaintiff to recover, it was necessary for him to prove that the defendant negligently permitted the fire to escape, and on account thereof, it spread upon his land. Under the evidence we hold the questions relating to negligence were issues of fact.

The third assignment of error is that the court erred in giving plaintiff's instruction No. 1. The objection is to the part of the instruction relating to the measure of damages. The instruction authorized the jury to find the value of the fence destroyed by the fire. The appellant says that the petition asked for the value of the rails, while the instruction directed the jury to allow plaintiff the value of the fence. The petition alleged, ''said rails were of the value of $44.40; that plaintiff was required to replace said fence with other rails at his own expense, and that the labor necessarily performed by plaintiff in replacing said fence was of the value of $22.20.'' The evidence showed that the rails in the fence were worth

$1.25 a hundred, and there was no dispute but what there were 4,440 of them. The rule is well settled that the measure of damages for the destruction of a fence by fire, is the actual value of the fence as it stood. [Wiggins v. Railroad, 119 Mo. App. 492, 95 S. W. 311; Graves v. Railway Co., 69 Mo. App. 574; Matthews v. Railroad, 142 Mo. 645, 44 S. W. 802.] The assignment is ruled against appellant.

The fourth and last assignment of error is that the court erred in refusing defendant's instruction No. 7. The instruction told the jury that it devolved upon the plaintiff to show by a preponderance of the evidence that defendant failed to watch said fire in the manner in which an ordinarily prudent man would have watched it, and by reason of such failure it escaped, etc. The plaintiff had offered testimony tending to prove that the defendant was guilty of negligence in not back-firing around his premises so as to prevent fire from spreading. This instruction ignored that evidence of negligence, and confined the jury to the one element of whether defendant should have watched the fire.

The defendant's instruction No. 1 was given, and required the jury, in order to return a verdict for plaintiff, to find that the defendant or his servants did not use such care and caution as an ordinarily prudent man would have used to control the fire and prevent its escape, and that the escape of the fire was due to the fact that defendant did not use such care and caution to control the same or prevent its escape. This instruction was correct, as it covered the different acts of negligence which plaintiff had offered testimony tending to prove, while the seventh instruction excluded from the jury all but one.

Having examined each of appellant's assignment of errors and determined them against him, the judgment must be affirmed, and it is so ordered. All concur.