DOROTHY JOHNSTON, Respondent, v. KANSAS CITY, a Corporation, KANSAS CITY GAS COMPANY, a Corporation, and KANSAS CITY RAILWAYS COMPANY, a Corporation, Appellants.

In the Kansas City Court of Appeals, June 12, 1922.

1. **MUNICIPAL CORPORATIONS:** Notice: Facts Stated in Petition Held to be Sufficient Statutory Notice of Injury to City.  Section 8904, Revised Statutes 1919, providing that no action can be maintained against city of a certain class for personal injuries growing out of defective condition of street, unless notice in writing be given within ninety days of the occurrence, stating the place where, the time when and the character of the injury, must be reasonably construed, and•where the facts stated in the plaintiff's petition, were sufficiently definite as to the time and place of injury to afford the city ample opportunity to investigate and thereby determine that the alleged injury was caused by defect in street, the notice therein contained was sufficient.

2. ———: Negligence: City Liable for Negligence in Permitting De-fect to Remain Unguarded After Notice Thereof.  Where a defect is caused by a third person, the negligence for which the city is liable is not for the creation of the defect, but for negligence in permitting the defect to remain unguarded after actual or con-structive notice.

3. **NEGLIGENCE:** Evidence: Where Specific Negligence is Charged, Specific Acts Must be Proved.  It is a well established rule of evidence that when specific negligence is charged, specific acts must be proved.

Johnston v. Kansas City et al.

4. **DEMURRER:** Where Evidence was Sufficient to Form Basis of Reasonable Conclusion by Jury That Defendant was Negligent, Demurrer at Close of Evidence was Properly Overruled. Where the plaintiff's evidence was sufficient to form a basis for a reasonable conclusion by the jury that defendant was negligent in failing to properly fill holes made by it in street which caused plaintiff's injury, there was no error in the action of the court in overruling defendant's demurrer at the close of all the evidence.

Appeal from the Circuit Court of Jackson County.— *Hon. Thad. B. Landon,* Judge.

AFFIRMED.

*Rogers & Yates,* for respondent.

*E. M. Hauber* and *Francis M. Hayward* for appellant, City.

*Charmes M. Miller* (*J. W. Dana* of Counsel) for appellant, Gas Co.

ARNOLD, J.—This is a suit in damages for personal injuries. Plaintiff is a resident of Kansas City, Mo. Defendant Kansas City is a municipal corporation of Jackson County, Missouri, and defendant Kansas City Gas Company is a corporation organized and existing under the law, as is also the defendant Kansas City Railways Company.

On February 26, 1919, defendant Kansas City Gas Company made the following application to defendant City for permission to excavate in Seventh street in said city:

"Application for permit to excavate at 7th Walnut to Grand.

"Permission is hereby requested by Kansas City Gas Company to excavate in street, for the purpose of making a gas connection, repairs, leak, street lamp.

"Said work to be done according to the Ordinances passed by Common Council of the City of Kansas City, and the rules and regulations of the Board of Public Works.

"We will take all responsible precautions to prevent accidents or injuries to persons or property, and will save the City of Kansas City harmless from loss or claims for damages by reason of neglect or carelessness in doing this work.

"That part of the work in a public street or alley to be completed and surplus material removed by or before 3-4-19

"Kind of pavement

"Under maintenance by Kansas City Gas Company."

Pursuant to this application a permit was granted and a line of excavations was made between Grand Avenue and Walnut Street, about eight inches north of the north rail of the street car track that extends east and west along said section of Seventh street, and about thirteen feet south of the north curb. Seventh street at this point is about thirty feet in width from curb to curb. The distance from Grand avenue to Walnut street is 254.8 feet. As parts of this excavation there were forty-six holes dug, of varying length, each about two feet wide and two and one-half to three feet in depth. For the purpose of making these excavations, the surface of the pavement was out in a direct line from east to west. After making the repairs to its main, the Gas Company refilled said holes. A city ordinance (Sec. 583) provides that after an excavation is made it shall be filled by the party making the same, "with earth or sand properly flushed or tamped," and that an inspector or representative of the city shall be notified four hours before commencing to refill the excavation. The defendant Gas Company refilled the excavations by replacing the dirt that had been taken therefrom. Seventh street between Grand avenue and Walnut street is heavily traveled and the passing of vehicles over the street soon packed the dirt down into the refilled parts of the excavation, thus causing depressions irregular in depth.

On the night of April 3, 1919, plaintiff, in company with her sister and another woman, boarded a Brooklyn

avenue car near their home with the intention of attending a performance at the Grand theater, at the southwest corner of Seventh and Walnut streets. The Brooklyn car line at that time came north on Grand avenue to Seventh street and there turned west into the space between Grand avenue and Walnut streets which was its terminus. There plaintiff and her companions alighted. Plaintiff was the first to leave the car, and the step by which she made her exit was immediately over one of the depressions caused as aforesaid. In stepping from the car her right foot encountered the depression and her ankle turned causing a fracture of the *tibia* at the ankle, and the ligaments of the right ankle were sprained and torn. The result, as shown by the testimony, is that there is a slight deformity in said ankle and a permanent limp in plaintiff's walk.

The petition charges negligence as follows: "That pursuant to said permission said defendant Kansas City Gas Company excavated in said street, that thereafter and prior to said 3rd day of April, 1919, said defendant, Kansas City Gas Company, through its agents, servants and employees attempted to fill up said excavation but negligently and carelessly failed to properly do so, leaving a large number of deep holes in said street thereby causing said Seventh street to be unsafe and dangerous; that said holes extended along and immediately adjoining said street car track and had been there a long time prior to said 3rd day of April, 1919, and said unsafe condition was known to said defendant. Kansas City, long prior to and at the time of plaintiff's injuries and said defendant, Kansas City Railways Company, then and there knew or by the exercise of ordinary care and caution should have known said street was a dangerous and unsafe place to discharge passengers from its street cars. . . . that said defendant, Kansas City Railways Company, through its agents, servants and employees, carelessly and negligently stopped said street car so that the exit to said car was directly and immediately adjacent and opposite one of said dangerous

holes and the plaintiff not knowing of the dangerous condition of said street, stepped from said car directly into one of said holes in the street, thereby seriously and permanently injuring her as herein set out."

The separate answer of defendant City is a general denial and a plea of contributory negligence. The separate first amended answer of the Gas Company is a general denial, a plea of contributory negligence, and, as further answer, "this defendant states that if it made said excavation or hole in the street as alleged in the petition, it properly at the time of the making of the same, refilled the same and left the same in proper condition and without any hole or depression being left, and that under regulation with defendant Kansas City, it was not required or allowed to do more than was done by this defendant, and that the responsibility thereafter was solely with defendant Kansas City to keep and maintain said alleged hole or excavation in a reasonable safe condition, and to repair and resurface with asphalt the top thereof if required."

The separate answer of defendant Railways Company is a general denial. Plaintiff's reply to all of said answers was in the nature of a general denial. Demurrers offered by each of the defendants at the close of plaintiff's case and again at the close of all the evidence were refused. The cause was tried to a jury and the verdict was for plaintiff and against defendants Kansas City Gas Company and Kansas City in the sum of $2500, and in favor of defendant Railways Company. Defendants Gas Company and the City appeal.

Defendant City, under its points and authorities, urges:

1.  The court erred in not giving the instruction in the nature of a demurrer asked at the conclusion of plaintiff's evidence and again at the close of all the evidence in the case.

2.  That there was error in the refusal of the court to give instruction No. 4, as asked by defendant City.

In support of its first point, defendant cites section 8904, Revised Statutes 1919 (Session Laws, 1913, p. 545) which specifies that no action shall be maintained against a city of 100,000 inhabitants on account of any injury growing out of any defect in the condition of any bridge, boulevard, street, sidewalk, or thoroughfare in said city, until notice shall first have been given in writing to the Mayor of said city within ninety days of the occurrence for which damage is claimed, "stating the place where, the time when, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from the city."

The only notice relied upon by plaintiff is the petition itself, and this defendant urges was insufficient notice for the reason that having alleged that there had been left "a large number of deep holes in said street," and that plaintiff "stepped directly into one of said holes in said street, thereby receiving injuries," it does not appear in such notice into which one of so many existing holes plaintiff stepped. The testimony showed there were some forty-six such holes within the street between Grand avenue and Walnut street, some of which were of considerable depth and others very shallow. From these circumstances, counsel argue the city had no information enabling it to make measurements as to the depth or to know the safe or unsafe condition of the particular hole into which plaintiff stepped, or claims to have stepped.

This court frequently has been called upon to determine the sufficiency of notice under this statute. In Snickles v. St. Joseph, 139 Mo. App. 187, it is held that the allegations of the petition are sufficient to give the city the statutory notice of the time, place, and circumstances of the injury. The prime object of the statute requiring the giving of notice in such cases is to protect the city against fraudulent or stale demands. The statute should be construed reasonably. If the officers of the city with the information contained the petition could not be misled but could readily go to the place

and locate the negligent defect which caused the injury, then it is sufficient. At p. 192, the court said: "A claimant will not be permitted to thwart the intent of the statute by untruthfulness or indefiniteness when the true facts may be clearly stated. . . . it would be a harsh and unjust rule that would deprive plaintiff of her cause of action because she failed to state the exact spot on which her injury was received." [Reno v. City, 169 Mo. 642; Lyons v. City, 112 Mo. App. 681; Canter v. City, 126 Mo. App. 629.]

We have examined the case of Krucker v. City of St. Joseph, 195 Mo. App. 101, and find nothing therein contrary to the sound reasoning presented in the Snickles case. The decisions of the appellate courts have followed the ruling in Reno v. City, supra, on the question now under discussion. In the Krucker case, the court said:

"Naming the place as between two streets over four hundred feet apart would not be fatal looseness of description, if plaintiff had stated something more which would have served as a guide to the city when it came to examine."

In the case at bar, the petition states that the excavation consisted of a large number of deep holes extending in a line between Grand avenue and Walnut street, immediately adjoining the street car track on Seventh street. The petition refers to this series of holes as an "excavation" thus producing the very natural inference that the series of holes the result of an excavation which, no doubt, for the sake of economy, was composed of a line of holes.

We think the petition was sufficiently definite as to the time and place of the injury to afford the city ample opportunity to investigate and thereby determine that the alleged injury was caused by plaintiff stepping into one of a series of holes which we hold to have been a part and parcel of the excavation described. The evidence fails to show that the city had any difficulty in locating the place. This point, therefore, is ruled against defendant's contention.

We have examined the cases cited by (defendant) on the point and find them to differ in essential facts from the case at bar; but if they did not, we would not permit them to control our decision, since a rule more harsh on the claimant than the one declared by the cases in this State impresses us as too unjust for incorporation into this opinion.

The second point urged by defendant City as ground for reversal is the alleged error in refusing its proffered instruction K-4, which reads as follows:

"The court instructs the jury that if you should find a verdict against defendant, The Kansas City Gas Company, you are not required to find a verdict against the city for that reason alone, and unless the evidence under the instructions given you by the court require you to do so, but you are instructed that if you find a verdict in favor of the Gas Company, you must also find a verdict in favor of Kansas City."

Counsel argue, in support of this position, that this instruction properly stated the law, for the Gas Company created the defect, if such there were, and was liable for such defect without notice; that the granting of the permit to do the work was evidence from which the jury might infer knowledge on the part of the city of the defective method of filling the excavations in question, but it was a question of fact for the jury; that the city, in order to be charged, was required to have either actual or constructive notice of such defect before it could be held and that the Gas Company, therefore, might be held and the city discharged under the evidence. On the other hand, that if the jury found a verdict in behalf of the Gas Company, it could do so only upon the theory that the depression in the street did not constitute a defect, and consequently there would have been a verdict in favor of the city as well as the Gas Company.

The complaint in the petition is that the city was negligent in permitting the defect to exist. The Gas Company's contention is that it had fulfilled its obligation in respect to the holes in the pavement and had re-

leased control of the said street to the city. It must be conceded the jury might have found for the Gas Company upon this defense. Under the instruction the jury would have been bound also to find for the city. The rule is that where a defect is caused by a third person, the negligence for which the city is liable is not for the creation of the defect but for negligence in permitting the defect to remain unguarded after actual or constructive notice.

The Supreme Court in Badgley v. St. Louis, 149 Mo. 122, 134, laid down this rule:

"The liability of the city must be predicated therefore, upon its negligence in not causing the removal thereof within a reasonable time after it had notice, or by the exercise of proper care and diligence might have known of the condition of said street. [Carrington v. St. Louis, 89 Mo. 208; Bonine v. Richmons, 75 Mo. 437; Franke v. St. Louis, 110 Mo. 516.]"

Defendant City cites the cases of Hesselbach v. City of St. Louis, 179 Mo. 505; Buckley v. Kansas City, 156 Mo. 16; Merritt v. Telephone Co., 215 Mo. 299, 311. An examination of these cases discloses that the facts are not identical with the case at bar. In the Merritt case, the court said: "In this case it is urged that the work of changing the poles was not done under the direction of the city and that the city through its proper officers had neither actual nor constructive knowledge of the depression. This is a pure question of fact rather than one of law."

In the case at bar there is something more to be considered in that the contention of the Gas Company is, and it was so pleaded, that it had completed its work as required, and released the situation the city upon inspection and acceptance by the city's representative. Under this state of facts we think there was no error in the action of the court in refusing the instruction of which defendant city now complains, and we so hold.

In a separate brief, defendant Gas Company urges in its own behalf, that the trial court committed error in its refusal to give the peremptory instructed requested

by it at the close of plaintiff's case and again at the close of all the evidence. Counsel urge that the only negligence charged in the petition against this defendant is that the company negligently filled up the excavation so that a large number of depressions were left therein.

Plaintiff introduced in evidence Ordinance No. 5763, of Kansas City, and especially section 583 thereof, which provides that the excavation shall be filled "with earth or sand properly flushed or tamped." Section 584 of the same ordinance provides that after being inspected by a representative of the city, the city shall replace the concrete and re-surface the excavation, making bill to the Kansas City Gas Company for the cost thereof, as required by the ordinance, and that this shall be taken from the amount deposited at the time of securing the permit, if not paid promptly.

The Gas Company contends that its testimony tends to show that the excavations were filled as required by section 583 of the ordinance, that a city inspector had examined and approved the same, and that the Gas Company had no more to do with the excavation. Counsel further contend that the petition charges specific negligence, to-wit, negligent filling of the excavations, and that there was failure of proof on this point.

It is a well-established rule of evidence that when specific negligence is charged, specific acts must be proved. Citations are unnecessary in support of this rule. An examination of the petition discloses that the only act of negligence charged against defendant Gas Company is that "said defendant, Kansas City Gas Company, through its agents, servants and employees attempted to fill up said excavation but negligently and carelessly failed to properly do so, leaving a large number of deep holes in said street thereby causing said Seventh street to be unsafe and dangerous," etc.

This is a general charge of negligence in the refilling of the holes of the excavation. There is no specific charge of the manner of doing the work. In Lafevre v. Pryor, 190 S. W. 644, this court held:

"While the petition is most general in the statement of negligence, yet the evidence conveyed more information, and the negligence shown seems to have been the failure of the foreman to notify plaintiff sooner than he did."

So, in the case at bar, while the negligence charged is general, the evidence tends to illuminate the situation to a marked degree.

"Defendant's instruction in the nature of a demurrer admitted the truthfulness of every material fact which the evidence tended to prove as well as every reasonable inference deducible therefrom." [Brown v. Lumber Co., 202 Mo. App. 573, 582; Bank v. Simpson, 152 Mo. 638, 54 S. W. 506; Independence Electric Co. v. Farley Bros., 192 S. W. (Mo. App.) 129.] Under this rule a demurrer should not be sustained where the evidence considered in its most favorable light for plaintiff is such that reasonable minds may differ as to plaintiff's right to recover. [Beckermann v. Jewelry Co., 175 Mo. App. 279, 157 S. W. 855; Steffens v. Fisher, 161 Mo. App. 386, 143 S. W. 1101.] Therefore, if plaintiff's evidence, taken in its most favorable light, tends to prove the negligence charged, the demurrer was properly overruled. The evidence shows the Gas Company made the excavations and the city ordinance introduced in evidence specifies the manner in which the excavations were to be filled. The testimony goes to show that the filling put into the different sections of the excavation was not of sufficient durability to withstand the heavy traffic passing over it, and the filling settled down to irregular depths, lower than the surface of the pavement, thus leaving a condition dangerous to the traveling public using the street.

It is urged by plaintiff that the Gas Company failed to release control of the work until July 8, 1919, though the excavation and refilling were done in March of that year. It is in evidence that the Gas Company notified the City by letter dated July 8, 1919, more than three months after the alleged injury, as follows:

"Please have the following cuts repaired at once and render bill as soon as possible."

The communication is addressed to the Street Repair Department of the City, and described the location as "north side of Seventh street 4' E. W. C. of Grand M. C. M." There were two other similar communications of same date introduced in evidence in which specific requests were made to the same authority to make repairs of the holes other than those mentioned in the letter from which we have quoted. We may presume, in the absence of anything in the record to the contrary, that these requests cover the entire forty-six holes of the excavation in question. These notices doubtless were given pursuant to the provisions of section 584 of the Ordinance which requires notice that any cut or excavation is ready for repairing. This section also provides that said cut or excavation shall be repaired at the expense of the party making the excavation required to be refilled. Section 585 provides for the payment by the party making the excavation of the charges for such repaving and fixes the price therefor.

In this connection the defendant Gas Company argue that this question is immaterial, on the theory that the petition charges specific negligence only. As we have held above that the negligence charged against the defendant Gas Company is a general charge, it naturally follows that this question is material. The point is decided against defendant's contention. This point is fully discussed in Mac Donald v. Transit Co., 108 Mo. App. 374. See also cases therein cited.

In this state of the record, we hold that the evidence introduced on behalf of plaintiff was sufficient to form a basis for a reasonable conclusion by the jury that defendant Gas Company was negligent and there was therefore no error in the action of the court in overruling defendant at the close of plaintiff's case. The record shows defendant's evidence in no way limited the force of the evidence in behalf of plaintiff and the trial court,

therefore, was right in overruling defendant's demurrer at the close of all the evidence.

The defendant Gas Company further complains that the trial court erred in giving plaintiff's instructions numbered 3 and 4, in that they were broader than the negligence charged in the petition. The basis of this argument is defendant's contention that the charge of negligence in the petition is specific. As we have already decided this point, this position is not tenable, and we hold against defendant as to this objection. The position of defendant that the court erred in refusing to give instructions G-4, G-9 and G-10, also is based upon the theory that the petition alleged specific negligence, but under the views above expressed, we hold the court properly refused to give said instructions.

We fail to find reversible error in the record, and the judgment accordingly is affirmed. All concur.