CORAY A. NICKELL, JR., RESPONDENT, v. KANSAS CITY, ST. LOUIS AND CHICAGO RAILROAD CO., APPELLANT.—41 S. W. (2d) 595.

Kansas City Court of Appeals. April 6, 1931.

*Lyons & Ristine* and *Hubbell Bros.* for respondent.

*S. N. Wilson* and *Charles M. Miller* for appellant.

ARNOLD, J.—This is an action in damages for the negligent killing of plaintiff's father, Doctor Coray A. Nickell, a surgeon, who was struck by a freight train which was being operated over the track of defendant railroad company through the town of Mayview in Lafayette county, Missouri, on February 26, 1925.

Plaintiff is a minor and, at the time the suit was brought, was sixteen years of age. The mother of plaintiff, wife of decedent, waived her rights in favor of plaintiff and this suit was instituted by Dr. R. V. Thompson, a relative, as next friend of the minor plaintiff. Defendant is a corporation organized under the laws of the State of Missouri, in April, 1877. As originally instituted the suit was directed against the Kansas City, St. Louis & Chicago Railroad Company and Wm. G. Bierd and W. W. Wheelock, as receivers of the Chicago & Alton Railroad Company, defendants. The petition was filed February 20, 1926. On March 8, 1926, plaintiff filed his first amended petition in which the Kansas City, St. Louis & Chicago Railroad Company was made the sole defendant, and the suit dismissed as to the receivers.

The first amended petition, under which the cause was tried, states plaintiff is a son of the decedent, sixteen years of age, and that his mother waived her rights in his favor; that his father, Dr. Coray A. Nickell was struck and killed on a public crossing in Mayview, Missouri, on February 26, 1925, by a freight train operated by Wm. G. Bierd and Wm. W. Wheelock, receivers of the Chicago & Alton Railroad Company, through their employees; that defendant, Kansas City, St. Louis & Chicago Railroad Company, had a "contract, lease, running arrangement and trackage right" with the Chicago & Alton Railroad Company, and that Wm. W. Wheelock and Wm. G. Bierd had been appointed receivers of said Chicago & Alton Railroad Company, and as such receivers, were operating all of the said Chicago & Alton Railroad Company's property as common carriers; and further the petition charges Wm. G. Bierd and Wm. W. Wheelock were officers of the Chicago & Alton Railroad Company, and that Wm. G. Bierd was an officer of defendant, Kansas City, St. Louis & Chicago Railroad Company, and that they were not only serving as receivers, but also in the capacity of officers and agents of the Chicago & Alton Railroad Company and defendant, the Kansas City, St. Louis & Chicago Railroad Company. To this petition defendant filed its demurrer,

asserting, among other grounds, the petition fails to state facts sufficient to constitute a cause of action against the defendant Kansas City, St. Louis and Chicago Railroad Company. The demurrer was duly overruled and defendant filed timely answer, which was a general denial, and as affirmative defense pleaded, among other things, that defendant was not liable for the acts of Wm. W. Wheelock and Wm. G. Bierd, receivers of the Chicago & Alton Railroad Company, or any of their employees, in the operation of the freight train in question; and if the court should interpret and construe section 9879 or section 9880, Revised Statutes 1919, as holding defendant liable for the acts of said receivers, or their employees, in the operation of said freight train, said statutes were unconstitutional and violative of section 7, article 1, of the Constitution of the United States and the Federal Transportation Act of 1920, and of section 1 of the Fourteenth Amendment of the Constitution of the United States, and section 30, article 2, of the Constitution of Missouri, as depriving defendant of its property without due process of law.

The reply was a general denial. The cause was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $2,000 and costs.

A timely motion for a new trial being overruled, an appeal was perfected to the Supreme Court, upon the supposition that a constitutional question had been timely raised. Upon consideration that court found the record fails to develop the timely raising of a constitutional question so as to give that tribunal jurisdiction and accordingly, transferred the case to this court for determination.

The evidence developed some further facts necessary to a full understanding of the case. Defendant, the Kansas City, St. Louis & Chicago Railroad Company, was incorporated under the laws of the State of Missouri in April, 1877, and in 1878, its property was leased to the Chicago & Alton Railroad Company and in 1900, said last named company made a lease to the Chicago & Alton Railway Company which concerned the property of defendant. In 1906, the Chicago & Alton Railroad Company consolidated with the Chicago & Alton Railway Company under the name of the Chicago & Alton Railroad Company. The consolidated company, under the name of the Chicago & Alton Railroad Company operated the property of defendant, Kansas City, St. Louis & Chicago Railroad Company, under the lease made in 1878, until 1922, at which time, pursuant to a proceeding instituted in the Eastern Division of the Northern District of the United States District Court of the State of Illinois, Wm. G. Bierd and Wm. W. Wheelock were appointed receivers of the Chicago & Alton Railroad Company. The evidence shows Wm. G. Bierd was president of defendant company and also president of the Chicago & Alton Railroad Company, during the years 1924 and

1925, at the time plaintiff's father was killed; that said Wm. G. Bierd, at the same time, was also a member of the board of directors of defendant company and a member of the board of directors of the Chicago & Alton Railroad Company; that he maintained his office as a member of the board of directors of both lessor and lessee at 340 West Harrison Street, Chicago, Illinois, that being also his office as receiver.

The testimony also shows that one James Williams whose office also was at 340 West Harrison Street, Chicago, was secretary and treasurer of both lessor and lessee, during 1924 and 1925; and that Wm. G. Bierd and Wm. W. Wheelock were serving as officials of both lessor and lessee while they were serving as said receivers, and James Williams as secretary and treasurer of both lessor and lessee, at the time of the injury complained of. The record shows no receiver was ever appointed for defendant company and it was not a party to the receivership. The order appointing receivers authorized them to operate in their discretion such property as lessee controls under lease. The order further authorized the receivers "to make appropriate payments from time to time in their discretion" . . . "of rents and other necessary trackage and other charges heretofore accrued or hereafter accruing under existing leases and trackage and other contracts, the payment of which in the judgment of said receivers may be necessary for the preservation of the rights and titles of said railroad company, or any thereof."

The order specified William W. Wheelock and Wm. G. Bierd are appointed receivers of the Chicago & Alton Railroad Company and all of the railroads and other property and assets, real, personal or mixed, of whatever kind and description, and wherever situated, in cluding "leases, contracts, muniments of title, bills receivable, rents, issues, profits and income accruing, accrued and hereafter to accrue, as well as all leasehold interests and operating and other contracts, traffic agreements, and all rights, interests, assets, privileges and franchises of said railroad company of every kind and character."

The said receivers were authorized immediately to take possession of all the property and assets of every kind and character, "as aforesaid, wherever situated or found, whether in this State and district or elsewhere; to run, manage and operate the said railroads and property including in their discretion such railroads and property as the said railroad company holds, controls or operates under lease trackage agreements or otherwise, and in such manner as will, in their judgment, produce the most satisfactory results . . ."

The railroad of defendant company is described in the lease in evidence as running "from the city of Mexico in the County of Audrain, in the State of Missouri through the counties of Audrain, Boone, Randolph, Howard, Saline, Lafayette and Jackson, to the

city of Kansas City, in the County of Jackson, in said State, and to lease the same.''

There are two assignments of error, to-wit, (1) the trial court erred in overruling defendant's demurrer to plaintiff's first amended petition, for the reason the petition failed to state facts sufficient to constitute a cause of action against defendant; and (2) in refusing defendant's peremptory instruction at the conclusion of plaintiff's evidence, for the reason defendant was not liable for the acts of the receivers of the Chicago & Alton Railroad Company. These two assignments are so clearly related that they may be considered together.

Defendant, in its statement, asserts the only question to be presented on this appeal is the liability of the defendant for the acts of the receivers, Wm. W. Wheelock and Wm. G. Bierd, and that is the only point urged on this appeal, the sole contention being that defendant is not liable for the acts of the said receivers. In support of its contention, it is argued the leasing by defendant of its line of railroad to the Chicago & Alton Railroad Company was a voluntary leasing on its part, authorized by a statute of this State. That it had the right to determine to whom it would make the lease, bearing in mind that under the statute (sec. 9879, R. S. 1919), it would be liable. On August 30, 1922, on a creditors' bill in the United States District Court, in and for the Eastern Division of the Northern District of Illinois, filed by the Texas Company against the Chicago & Alton Railroad Company, William W. Wheelock and Wm. G. Bierd were appointed receivers and they, after qualifying, were exclusively operating all of the Chicago & Alton Railroad Company's railroad, and the train in question, on February 26, 1925, was under the direction of the court; that defendant had nothing to do with the appointment of the receivers; that by such appointment the operation of the Chicago & Alton Railroad Company by the court was taken away from said railroad and put into the hands of the receivers; that defendant, therefore, is not responsible for the acts of the receivers who were operating the road for the benefit of the Texas Company, and back of the court stands the assets of the corporation to make good any defaults of such receivers when acting within their rights under the direction of the court. In support of this contention defendant cites Chamberlain v. Railroad Co., 71 Fed. 636. That case arose on a so-called lessor statute of Ohio, identical with ours. The court said (1. c. 638 et seq.):
''. . . conceding this liability under the Ohio statute, the further question presents itself whether either the lessor or the lessee road can be sued for wrongs and injuries done by the receivers, who have the sole and exclusive control and management of the property of both roads. . . .

"But if the lessee company is not liable for the wrongs and injuries of its receivers operating its road, as I have hereinbefore held, the lessor company certainly cannot be liable for the wrongs and injuries of such receivers. The statute gives the plaintiff a right of recovery against the lessor company for wrongs and injuries committed by the lessee company. The remedy is enlarged over that provided by the common law, and therefore the statute must be strictly construed. To now hold that the plaintiff is entitled to a judgment against the lessor company for wrongs and injuries committed by a receiver of the lessee company would certainly extend and enlarge the statute beyond what was ever contemplated."

Appellant argues if defendant is liable for acts of the lessee, it does not follow it is liable for acts of the receivers because their acts are not those of the lessee, and certainly the lessor should not be liable for them. Defendant cites the recent case or Hulen v. Wheelock et al., 318 Mo. 502, 300 S. W. 479, in which it was held the lessor statute could not be interpreted or construed to include receivers so as to make the lessor liable, and the judgment was reversed as to the lessor company. The court said (l. c. 516) :-

"However, a railroad company of this State is authorized to lease its road to the corporation of another State; but the authorizing statute contains the proviso that the leasing company 'shall remain liable as if it operated the road itself.' [Sec. 9879, R. S. 1919.] The language of the proviso is all inclusive (Markey v. Railroad, 185 Mo. 348, 84 S. W. 61); but as broad as it is it cannot be held to impose liability on a lessor railroad for the torts of a stranger who seizes and operates the road against the consent of both lessor and lessee. That in effect is the situation presented by this record. It may be that the receivers of the Chicago & Alton Railroad have been paying the Louisiana & Missouri River Railroad Company the rental stipulated in the lease and thereby become *sub-modo* its tenants; or that they have arrived at some independent arrangement or agreement with the owner of the road, as they seem to be still in possession and operating it. But the fact of the Railroad Company's express or implied consent to the receivers continuing in the possession of its property, if it exists, should have been alleged and proved. On the record no liability on the part of the Railroad Company was shown."

The last sentence but one of the above quotation, to-wit:

"But the fact of the Railroad Company's express or implied consent to the receivers continuing in the possession of its property, if it exists, should have been alleged and proved" is construed by plaintiff as taking the case out of the effects of the ruling in the Hulen case, and it is insisted plaintiff herein has met the requirement both

in his pleading and proof. The first point demanding our consideration, therefore, is whether or not the allegations in the petition are sufficiently broad to meet the requirements suggested in the clause quoted from the Hulen case. The petition alleges the appointment of the receivers and that such receivers were operating defendant's property under a lease; that at all the times mentioned in said petition, the said receivers were, respectively, president and vice-president both of the Chicago & Alton Railroad and the defendant; that they served as such officers, directors and agents of the Chicago & Alton and defendant railroads and at the same time acted in such triple capacity; that James Williams was secretary-treasurer of both the Chicago & Alton and defendant railroads; that the three said officials had their officers at 340 West Harrison Street, Chicago, Illinois. It is insisted by plaintiff, and we think properly, that the allegations of the petition are sufficiently broad to permit the introduction of evidence that defendant accepted the operation of its road by the receivers. We hold there was no error in the action of the trial court in overruling defendant's demurrer to plaintiff's amended petition.

And as to proof of the acceptance by the officers of the defendant of the operation of the road by the receivers, positive and affirmative proof thereof is not necessary; constructive acquiescence therein is sufficient, if substantial. This rule was followed in Rine v. Ry. Company, 100 Mo. 228, 235, 12 S. W. 640, as follows:

"Knowledge, like actual notice, may be proved by direct evidence or it may be inferred from other facts and circumstances. When it is inferred from facts and circumstances it is actual knowledge, the same as when proved by direct evidence. An opportunity to know will, under some circumstances, go far to show knowledge, and, under other circumstances, it may be of little value. We think the plaintiff made out a prima-facie case, one entitling her to go to the jury, and, as the defendant did not call those servants who could have given direct evidence, it has no one to blame but itself for any mistake on the part of the jury, if any they made."

The testimony shows Wm. G. Bierd was president of the defendant company and, as such, he was requiring the receivers to pay the rental under the terms of the lease and therefore he consented to their operation of the defendant road. He is presumed to have performed his duties as such president. The testimony is such that the jury might well have concluded Wm. G. Bierd accepted the receivership of Wm. G. Bierd, receiver, and the operation of the defendant road by the receivers. In Kelsey v. Israel, 298 S. W. 1065, a case decided by the St. Louis Court of Appeals, it is said, l. c. 1067:

"It is hardly necessary to state the law that, if there be cir-

cumstantial evidence upon every issue necessary to a recovery, it is for the jury to determine its weight and probative force. [Steffens v. Fisher, 161 Mo. App. 386, 143 S. W. 1101.] And it is not necessary that each essential issue be established by direct evidence, but circumstantial evidence may tend to the same end and be as cogent and conclusive as direct evidence."

To the same effect is the holding of the Supreme Court in Morris v. Cement Company, 19 S. W. (2d) 865. If it should be found the defendant in this case is not responsible, under the law and the proof presented, it would be an easy matter for a railroad corporation to avoid all the duties imposed upon it by statute by simply transferring its road to a lessee and then have a receiver appointed to operate it for the benefit of the company. [Farrell v. Trust Company, 77 Mo. 475, 477.] The general rule, where a railroad was leased at time of appointment of receiver, is laid down in 51 C. J. 963, 964, as follows:

"While there is authority to support the contrary view where the control of the receivers is exclusive, it is usually held that in those cases where the lessor company would be liable for the acts of its lessee under the principles hereinafter set forth it will be liable notwithstanding its road is operated by receivers of the lessee company, at least where the control of the receivers is not exclusive, unless prior to the injury complained of such receivers have also been appointed as receivers of the lessor company in an action against that company."

We hold the above conclusions are not in conflict with the ruling of the Supreme Court in the Hulen case, supra, upon which defendant relies for a reversal. We find no reversible error of record and the judgment is accordingly affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.